WILLIAM J. BURNETT, Appellant, v. C. BROWN SNYDER, Impleaded, etc., Respondent.

Two of five members of a co-partnership, in their individual capacity, entered into an agreement with defendant, C. B. S., in which it was stated that it was for the interest of said firm that C. B. S. should have an interest and become a co-partner, therefore it was agreed that he "is a co-partner in the firm," and that he shall be entitled to receive from the other parties to the agreement one-third of the profits earned and received by each; he agreeing to pay one-third of any losses sustained by either "by reason of their connection as co-partners, or otherwise, with the firm." In an action by a creditor of the firm, in which it was sought to charge C. B. S, as a partner, *held,* that the agreement did not constitute him a partner. as all the partners had not joined or concurred therein; that the declaration of C. B. S. therein did not render him liable to a firm creditor, who (as was found here), did not give credit to the firm on account of that declaration; and that he did not become liable because of the agreement as to profits and losses, as he was not to take profits as such from the co-partnership or its property, and had no interest therein, but simply an interest in the individual shares of two of the members after they were received by them.

*Leggett* v. *Hyde* (58 N. Y., 272); *The M. B. Co.* v. *Sears* (45 id., 797); *Walden* v. *Sherburne* (15 J. R., 409); *Ontario Bank* v. *Hennessey* (48 N. Y., 545); *Chase* v. *Barrett* (4 Paige, 148); *Champion* v. *Bostwick* (18 Wend., 175); *Cushman* v. *Bailey* (1 Hill, 526); *Catskill Bank* v. *Gray* (14 Barb., 471); *Hodgman* v. *Smith* (13 id., 302), distinguished.

(Argued February 6, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant Snyder, entered upon the report of a referee. (Reported below, 11 J. & S., 238.)

This action was brought to recover an indebtedness of the firm of Strang, Platt & Co., of which firm defendants were, alleged to be members. Defendant Snyder, who alone appeared and answered, denied that he was a partner.

On December 31, 1869, written articles of co-partnership were executed by the other defendants, five in number. On the same day an agreement was executed by defendants Snyder, Strang and Platt, of the material portion of which the following is a copy :

" Whereas the said Strang and Pratt, parties of the second part, have this day formed a co-partnership with Philip C. Lockwood, of Charlestown, Mass., Amasa Clark, of Andover, Mass., and Ammon B. Platt, of the city of New York, under the firm name of Strang, Platt & Co., for the purpose of doing a wool brokerage and commission business in the city of New York and Boston, and whereas it is deemed expedient, and for the interest of said firm, that the aforesaid C. B. Snyder, party of the first part should have an interest and become a co-partner in the said firm of Strang, Platt & Co.

Now, therefore, know all men by these presents, that it is hereby agreed, by and between the parties to this contract, that the said C. B. Snyder, is a co-partner in the said firm of Strang, Platt & Co., this day formed, and in consideration of this agreement, and for other valuable considerations, the said C. B. Snyder shall and he is hereby entitled to receive from the said Peter O. Strang and Ammon Platt, parties of the second part, one-third of the profits earned and received by each of the aforesaid parties of the second part from their interest in said firm of Strang, Platt & Co.

" And it is further agreed by the said C. B. Snyder, that he will become liable for, and truly pay to the said Strang and Platt, an amount equal to one-third of any and all losses that the said Strang and Platt or either of them may sustain

or be chargeable with, by reason of their connection as co-partners or otherwise .with the said firm of Strang, Platt & Co.

"And it is further agreed by all the parties to this contract that they will each, and all of them do all that they can and to the extent of their ability to sustain, further and protect the interest of the said firm of Strang, Platt & Co.; and that they shall at all proper times, during the continuance of this co-partnership and agreement, give to each other true and exact statements of the affairs and accounts of the firm.

" This agreement to commence with the said co-partnership of Strang, Platt & Co., and to continue until the same is dissolved, as provided for in the articles of agreement, and it is further understood and agreed by the parties to these presents, that they herewith bind themselves, their heirs, executors, administrators and assigns."

The referee found, among other things, the following :

·"The said C. Brown Snyder was not a member of the said firm of Strang, Platt & Co., not a partner therein, nor was he held out as being a partner therein, either by himself or by the members of said firm ; and the· plaintiff had no belief, prior to some time in the year 1875, that said C. Brown Snyder was a member of said firm or a partner therein."

*Aaron Pennington Whitehead*, for appellant. The respondent was liable, under his agreement, as a partner, to third persons. (1 Colyer on Part. [6th ed.], 76, *n ; Walden* v. *Sherburne,* 15 J. R., 409; *Catskill Bk.* v. *Gray*, 14 Barb., 477; *Manhattan Brass Co.* v. *Sears*, 45 N. Y., 797; *Leggett* v. *Hyde*, 57 id., 272.) Every person is to be deemed a partner and liable to creditors of the firm for firm debts, if interested in the profits of the trade, and if the advantages he derives from the trade are casual and indefinite, dependent on the accidents of trade. (*Grace* v. *Smith*, 2 Wm. Bl., 998; *Waugh* v. *Carver*, 2 H. Bl., 235; *Walden* v. *Sher-*

*burne*, 15 J. R., 409; *Manhattan Brass Co.* v. *Sears*, 45 N. Y., 797; *Ontario Bk.* v. *Hennesey*, 48 id., 545; *Leggett* v. *Hyde*, 58 id., 272; *Chase* v. *Barrett*, 4 Paige, 148; *Champion* v. *Bostwick*, 18 Wend., 175; *Cushman* v. *Bailey*, 1 Hill, 526; *Everett* v. *Coe*, 5 Den., 180; *Oakley* v. *Aspinwall*, 2 Sand., 7; *Catskill Bk.* v. *Gray*, 14 Barb., 471; *Hodgman* v. *Smith*, 13 id., 302; *Burckle* v. *Eckhart*, 3 N. Y., 132; *Mason* v. *Partridge*, 66 id., 633; *Pratt* v. *Langdon*, 12 All., 546; 1 Woods' Colyer on Part., 76, note ; *Fitch* v. *Harrington*, 13 Gray [Mass.], 468; *Buckley* v. *Bramhall*, 24 How. Pr., 455; *Newland* v. *Tate*, 3 Ire. Eq. [N. C.], 226.) The defendant Snyder is liable for the debts of Strang, Platt & Co. upon his express agreement to become a partner, upon the principle of agency. (*King* v. *Sarria*, 69 N. Y., 24–28; Story on Part., § 1; Story on Agency, § 14.)

*William G. Wilson*, for respondent. Defendant Snyder was not a partner of the firm in question. (Story on Part., §§ 3, 5; Collyer on Part., § 194.) The provisions of the agreement in regard to profits and losses were not of such a character as to make the defendant Snyder a partner or liable for the firm debts, even if they had been made with the knowledge and consent of the other members of the firm. (*Catskill Bk.* v. *Gray*, 14 Barb., 471; *Holmes Old* v. *Colony R. R.*, 5 Gray, 58; *Leggett* v. *Hyde*, 58 N. Y., 276; *Manhattan Co.* v. *Sears*, 45 id., 797; *Vanderburg* v. *Hall*, 20 Wend., 70; *Heinstreet* v. *Howland*, 5 Den., 68; *In re E. and I. Church, etc., Soc.*, 1 H. & M., 85; *Cox* v. *Hickman*, 8 H. of L. Cas., 301; *Mollevo* v. *Court of Wards*, L. R., 4 P. C., 419; *Bullen* v. *Sharp*, 1 L. R. Com. Pl., 112, 118, 127; *Ex parte Tennant*, 6 L. R. Ch. Div., 303, 313, 317; *Lintner* v. *Milliken*, 47 Ill., 178; *Smith* v. *Knight*, 71 id., 148; *Hart* v. *Kelley*, 83 Penn. St., 286; *Eastman* v. *Clark*, 53 N. H., 276; Dig. Sib., 17, tit. 2, § 20; *Ex parte Barrow*, 2 Rose, 252; *Bray* v. *Fromant*, 6 Madd., 5; *Bain* v. *De Tastet*, Jacob, 284; *Frost* v. *Moulton*, 21 Beav., 596;

*Fitch* v. *Harrington*, 13 Gray, 468; *Reynolds* v. *Hicks*, 19 Ind., 113.)

DANFORTH, J. The question upon this appeal is whether the legal effect of the agreement entered into between the defendant Snyder, Peter O. Strang and Ammon Platt is such that Snyder thereby became a member of the firm of Strang, Platt & Co. There is nothing else to be considered, for the referee has found not only that Snyder was not a partner, but that he was not held out as being a partner, either by himself or by members of the firm; and further, that the plaintiff had no belief prior to the year 1875 (several years after the debt in suit was contracted) that Snyder was a member of the firm.

These propositions were all fairly open to debate, by exceptions taken to the findings; but it is not now claimed by the appellant that there is any reason for impeaching the last two conclusions, or any ground upon which the first can be assailed, unless it is found in the agreement above referred to.

The provisions of this instrument are not all as clear and coherent as might have been expected, but it has certain unmistakable features which leave no doubt as to its proper construction.

First: It purports to be an agreement by Peter O. Strang and Ammon Platt, in their individual capacity, with C. Brown Snyder. It is dated December 31, 1869, and recites that a co-partnership was on that day formed between Strang, Platt, Philip C. Lockwood, Amasa Clark and Ammon B. Platt, under the name of Strang, Platt & Co.; that it is deemed expedient and for the interest of said firm, that Snyder should have an interest and become a co-partner therein; therefore it is agreed between the parties to that paper " that C. B. Snyder is a co-partner in the firm," and in consideration of the agreement and other considerations, Snyder shall and he is hereby entitled to receive from Strang and Platt one-third of the profits earned and received by

each of them from their interest in said firm ; and Snyder agrees that he will pay Strang and Platt an amount equal to one-third of any losses which they, or either of them, may sustain, or be chargeable with by reason of their connection, as co-partners, or otherwise, with the firm of Strang, Platt & Co. The parties agree to do all they can to further the interest of the firm of Strang, Platt & Co., and " at all proper times, during the continuance of this co-partnership, give to each other true and exact statements of the affairs and accounts of the firm." The agreement was to commence with the co-partnership of Strang, Platt & Co., and to continue until the same was dissolved, as provided for in the articles of agreement.

It is then, as the appellant contends, an agreement that " Snyder shall have an interest and become a co-partner," indeed, " that he is a co-partner in the firm." Such is its language ; and, doubtless, if the firm of Strang, Platt & Co. had been composed of Strang and Platt alone, it would be sufficient to introduce Snyder into that firm, and clothe him with the privilege and subject him to the liability of a co-partner. But that partnership itself was formed by a contract entered into, not only by Strang and Ammon Platt, but by Lockwood, Clark, and Ammon B. Platt ; so that the firm was composed of *five* persons, of whom only *two* signed the instrument in question. It required the voluntary consent of all these persons to create the firm ; and it seems very clear that the declarations of any number less that the whole, however emphatic, that another person was also a member, could have no effect, either upon the firm or upon that person, for the simple reason that it would be untrue. It is also clear that the declaration of Snyder could not affect the firm or himself, unless (as is not. the case here) he or the firm had been trusted on account of or by reason of that declaration. This is but reiterating a principle of law well established, that as a partnership can commence only by the voluntary contract of the parties, so when it is once formed, no third person can be introduced into the firm

as a partner, without the concurrence of all the persons who compose the original firm. The consent of one or more to his introduction is not sufficient; (*Kingman* v. *Spurr*, 7 Pick., 235; *Murray* v. *Kneeland*, 14 J. R., 318; *Marquand* v. *N. Y. Manuf. Co.*, 17 id., 534); for, otherwise, says Story, "it would, in effect, amount to a right of one or more of the partners to change the nature, and terms, and obligations of the original contract, and to take away the *delectus personœ*, which is essential to the constitution of a partnership:" (Story on Partnership, § 5.)

Second: It is, however, strenuously contended by the appellant's counsel that there is in this instrument an agreement that Snyder shall share the profits of the firm, and that, therefore, he became liable as co-partner to pay its debts.

We cannot find that the instrument contains such an agreement. It is not there in words, nor can it be implied from the language used. He is "to receive," not from the firm, but "from Peter O. Strang and Ammon Platt," not any part or share of the profits made by the firm, but "one-third of the profits earned and received by each" of them from their interest in said firm; and, in this connection, we may consider that, by the terms of the same agreement, Snyder becomes liable for, and agrees to pay to Strang and Platt, "an amount equal to one-third of all losses," not of the firm, but "that they may sustain or be chargeable with, by reason of their connection," not "as co-partners" simply, but "as co-partners, or otherwise, with the firm of Strang, Platt & Co." We have examined all the cases referred to by the learned counsel for the appellant, and can find none which sustains his position, that, by such an agreement, Snyder became liable for the debts of the firm. It has been seen that, in the case before us, the agreement is, in terms, with Strang and Platt; they are to pay the defendant one-third of the profits which they receive from their interest in the firm, and he is to pay to them an amount equal to one-third of the losses which they sustain. The cases referred

to rest on contracts with a firm or an individual trader ; (*Leggett* v. *Hyde*, 58 N. Y., 272) ; or are between persons engaged in a joint enterprise ; (*The Manhattan Brass Co.* v. *Sears*, 45 N. Y., 797 ; *Walden* v. *Sherburne*, 15 J. R., 409 ; *Ontario Bank* v. *Hennessey*, 48 N. Y., 545 ; *Chase* v. *Barrett*, 4 Paige, 148 ; *Champion* v. *Bostwick*, 18 Wend., 175 ; *Cushman* v. *Bailey*, 1 Hill, 526 ; *Catskill Bank* v. *Gray*, 14 Barb., 471 ; *Hodgman* v. *Smith*, 13 id., 302 ; and all rest upon the rule stated in *Grace* v. *Smith*, 2 Wm. Bl., 997), that he who takes a moiety of all the profits indefinitely, shall, by operation of law, be made liable to losses, if losses arise, upon the principle that, by taking a part of the profits, he takes from the creditors a part of that fund which is the proper security to them for the payment of their debts. " This," says EYRE, Ch. J., in *Waugh* v. *Carver*, 2 H. Blackstone, 235, " was the foundation of the decision in *Grace* v. *Smith*, and I think it stands upon the fair ground of reason." This covers the case of one taking profits, as such, from the partnership property or the firm, but has no relation to a case where the profits are first to be earned and received by one person before the other can have any claim upon any part thereof.

No action would lie against the firm in favor of Snyder. If the firm earned profits, Snyder could not compel a division, for in the general profits of the firm he has no interest. There is no privity between himself and the firm ; and if he sued Strang and Platt, he could recover only on showing that they had received profits ; that they were earned would not be sufficient. He has no claim against the firm, or cause of action as principal. He must make out his case through Strang and Platt ; and this consideration alone would seem to be a decisive answer to the plaintiff's demand, for the plaintiff claims by virtue of the agreement, and not because Snyder has done anything to induce the plaintiff to deposit his money with the firm, relying on his responsibility, or his relation to the firm.

We are of opinion that the plaintiff, on the facts found by

the referee, has no cause · of action against the defendant, Snyder; and that the judgment should be affirmed.

All concur.

Judgment affirmed.