By the Court.
Freedman, J.—
This action was brought for a dissolution of an alleged copartnership between the plaintiff and the defendant Zeisler, of which the defendant Steinmann was not a member, and for an accounting, and to that end the plaintiff demanded that the defendants be enjoined from carrying on the business of the copartnership existing between them under the firm name of C. B. Steinmann & Co., of which firm the plaintiff was and is now a member, and that a receiver be appointed of the property of both copartnerships.
Upon the trial it appeared that the plaintiff had given money to his brother, the defendant Zeisler, to be used as the latter’s own money in the formation of a partnership with Steinmann, and that the money was given for such purpose, upon the agreement that in consideration therefor the plaintiff should have one-half of the profits of his brother. This was an agreement to share in his brother’s profits when ascertained and paid over, or at least set apart, by the firm of Steinmann & Co. Upon this agreement he can maintain no action against the firm of Steinmann & Co., because the firm as such was in no wise a party to it or affected by it. The principles laid down in Burnett v. Snyder (76 N. Y. 344, and 81 Ib. 550) *186 are decisive upon this point. Neither the fact that the defendant Zeisler is insolvent, nor the fact that a portion of the business in which the firm engaged against the wishes of the plaintiff, is illegal, can make any difference. The complaint, therefore, had to be dismissed as to the defendant Steinmann; and the conditional dismissal as to the defendant Zeisler, unless the plaintiff amend his complaint so as to change the action to one for money had and received, of which privilege the plaintiff did not, however, avail himself, was more than the plaintiff had a right to claim.
The general exception taken by the plaintiff to this final disposition of the case as to both defendants, who had interposed separate answers, does not properly present the question whether costs were or were not rightfully awarded to each of the defendants. Moreover, upon the facts of this case the allowance seems to have been proper within the rule laid down in Walker v. Russell (16 How. 91), which does not appear to have been changed by the provisions of the Code of Civil Procedure.
The judgment should be affirmed with costs, but only one bill of costs should be allowed upon the present appeal.
Sedgwick, Oh. J., and Ingraham, J., concurred.