EMILY ROCKAFELLOW, Appellant, *v.* SAM H. MILLER et al., Respondents.

In January, 1873, defendant M. and one E. formed a copartnership under the firm name of M. & E., the profits of the business to be divided equally. It was agreed between E. and one F. that the latter should receive E's share of the profits with certain exceptions. This agreement was assented to by M. upon condition that it should in no respect conflict with or affect the rights secured by the copartnership articles. After the expiration of the term of the copartnership E's connection with the business ceased and it was carried on by M. individually, but in the firm name, he retaining and using as his own the firm assets; he subsequently made an assignment to C. for the benefit of creditors. Plaintiff commenced an action against M. and F. as joint debtors, the summons in which was served upon F. Judgment was recovered and execution issued against their joint property and the individual property of F. On its return *nulla bona*, this action was brought by plaintiff as such judgment-creditor against M. and C. to set aside the assignment. The court found that F. knew of the intended assignment and ratified it. *Held*, that the complaint was properly dismissed; that the agreement between E. and F. did not make the latter a member of the firm or give him any interest in the firm business, which could be reached by a creditor of his until after the firm debts had been satisfied.

(Argued October 19, 1887; decided December 13, 1887.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made March 23, 1885, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Frank J. Dupignac*, for appellant. Whatever the relations of Miller & Faulkner, as between themselves, as to third

persons, they were by reason of Miller's acts and declarations to those dealing with the business jointly liable as partners. (1 Collyer on Part. [6th ed.] 13 *n.*; id., 14; *Conklin* v. *Barton,* 43 Barb. 435; *Willard* v. *Rodwick,* 51 id. 616.) The agreement between the parties, and their intent as gathered from those agreements, and their acts taken in connection therewith must control and is the only evidence of the real status of the parties as to each other. (*Salter* v. *Ham,* 31 N. Y. 321; *Hazard* v. *Hazard,* 1 Story [U. S.] 371; *Coulter* v. *Thomas,* 25 Vt. 73; *Robbins* v. *Laswell,* 27 Ill. 365; *Stevens* v. *Faucett,* 24 id. 483; *Phillips* v. *Phillips,* 49 id. 437; *Niehoff* v. *Dudley,* 40 id. 406; *Lintner* v. *Milliken,* 47 id. 178; *Clark* v. *Reed,* 11 Pick. 446.) There must be a joint ownership of partnership funds, as well as an agreement to participate in the profits and losses, to constitute a partnership as between the parties themselves. (1 Coll. on Part. [6th ed.] 10; *Chase* v. *Bennett,* 4 Paige, 148; *Holmes* v. *U. Ins. Co,* 2 Johns. C. 329; *Post* v. *Kimberly,* 9 Johns. 470; *Cassidy* v. *Hall,* 97 N. Y. 159.) In a partnership the partners may stipulate simply as to profits, where one is to furnish all the materials, while both may bestow labor. In such a case the only specific interest of all is in the profits; while as to property the partnership is only in the employment of it. (*Penny* v. *Black,* 9 Bosw. 310.) A partnership in profits may exist as between the partners without all of them having title in the property out of which the profits are made. (*Moore* v. *Huntington,* 7 Hun, 425.) The right to an accounting between two or more persons is based on an element of a trust relationship which was not involved in this case. (1 Story on Eq. Jur., § 462; *Kelly* v. *Kelly,* 3 Barb. 419; *Menagh* v. *Whitwell,* 52 N. Y. 146; *Weidewax* v. *Jacques,* 18 W. Dig. 240.) Miller, as the agent of Folk, was clothed with no power or authority to execute the assignment. (*Stringham* v. *St. N. Ins. Co.,* 4 Abb. Ct. App. Dec. 315; *Townsend* v. *Corning,* 23 Wend. 435; *Wilks* v. *Back,* 2 East, 142; *Worrall* v. *Munn,* 5 N. Y. 229.) The assignment puts Miller's individual personal creditors on a par with those of the firm, and this

vice condemns every part of the instrument. (*Nat. Bk.* v. *Cohn*, 25 W. Dig., 437.)

*Frederick G. Dow* for respondent. Miller and Folk were not partners. (*Burnett* v. *Snyder*, 76 N. Y. 344; *Richardson* v. *Hughett*, id. 55; *Curry* v. *Fowler*, 87 id. 33.) Folk could not by force of the assignment be compelled to become a partner even if all of Eastmead's interest had been assigne 1 and Eastmead had actually retired, unless he so elected; such an absolute assignment and retirement, at most, would have worked a dissolution of the partnership, and Miller and Folk would have remained as tenants in common of the partnership property. (Story on Part. [3d ed.], § 308; *Marquand* v. *N. Y. M'fg. Co.*, 17 Johns. 525; *Burnett* v. *Snyder*, 81 N. Y. 550.) The intention of the parties is controlling. (*Salter* v. *Ham*, 31 N. Y. 321; *Hazard* v. *Hazard*, 1 Story C. C. 371; *C. C. Sav'gs B'k* v. *Walker*, 66 N. Y. 424; Coll. on Part. § 78.) On the 18th of July, 1882, the date of the assignment, Folk and Miller were not partners *inter sese*, and such being the case, Miller had a perfect right to make the assignment. (*Adee* v. *Cornell*, 25 Hun, 78.) The general assignment, even if invalid when made, was subsequently rendered legal and efficient by the assent and ratification of Folk. (*Adee* v. *Cornell*, 93 N. Y. 572.)

Danforth, J. The plaintiff, claiming to be a creditor of Sam. H. Miller and Jesse E. Folk, after service of the summons on the defendant Folk, recovered judgment against them as joint debtors in the sum of $1,064.48. Execution issued against the joint property of Miller and Folk, and the individual property of Folk was returned *nulla bona*. This action was then brought by the plaintiff as such judgment creditor against Miller and one John C. Cook. Its object was to set aside an assignment made by Miller to Cook, as assignee, for the benefit of Miller's creditors. The case was tried at Special Term, and judgment of dismissal ordered in favor of the defendants. The conclusion of the trial judge upon the evi-

dence was satisfactory to the General Term, and an examination of the record discloses no finding that is not supported by testimony. We have only to see whether, upon these findings, any error was committed by the trial judge in his conclusion of law.

It appears that on the 1st of January, 1873, the defendant Miller and one Eastmead formed a partnership under the firm name of Miller & Eastmead, to commence at that time and terminate on the 31st of December, 1877. The profits of the business were to be divided equally. It was agreed between Eastmead and Folk that Folk should receive such share of the profits of the business of Miller & Eastmead as should accrue to Eastmead, leaving it to the discretion of Folk as to the portion which Eastmead should retain, such portion, however, not to be less than one-fifth. This arrangement between Eastmead and Folk was assented to by Miller upon condition that the agreement should in no respect conflict with the conditions or terms of copartnership between himself and Eastmead, or in any respect invalidate or prejudice the rights secured by the copartnership articles. Folk did not become a partner in said firm, nor did either of the parties thereto intend that he should. The business was continued by Eastmead & Miller until December 31, 1877, when the copartnership expired by limitation, and Eastmead's connection with the business ceased. After that time and until the 18th of July, 1882, the business was continued by Miller individually, but in the name of Miller & Eastmead; the property and assets theretofore belonging to or used in the business were employed and possessed by Miller as his own. On the 18th of July, 1882, he executed an assignment of all his property to the defendant Cook for the benefit of his creditors. The trial judge found that the assignment was in all respects lawful, just and fair, and was made by Miller and accepted by Cook in good faith and without any fraud. Upon these facts it necessarily followed that the plaintiff's action failed. The arrangement between Eastmead and Folk, as it was not intended to, so it did not give Folk any right or interest in

the firm business, nor did it make him a member of the firm of Miller & Eastmead. His profits were to come, not from the firm, but from Eastmead, and the case is brought directly within our decision in the case of *Burnett* v. *Snyder* (76 N. Y. 344).

There are further facts found by the trial judge, in effect that Folk knew of the intended assignment and ratified it; but that is unimportant, since, in the other view, he had no interest whatever in the business of the firm, nor any right which could be reached by a creditor until after the firm debts had been satisfied. Whatever claim he had was against Eastmead, with whom alone he had contract relations. We think the trial judge properly dismissed the complaint, and that the General Term committed no error in affirming its decision.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed