*1321 OPINION.
Aeundell :
The contention of the petitioners, briefly stated, is that by virtue of the antenuptial agreement Emma J. Hathaway acquired a right to participate in the net income of the partnership to the extent of the amount they agreed to pay her, and they are legally bound to make the payments provided for by the agreements before any partnership profits accrue to them.
In the case of Sam H. Harris, 11 B. T. A. 871, the taxpayer, a member of a partnership, purported to assign a part of his interest in the partnership, and in filing his income-tax return he. did not include in income the amount of partnership earnings which he claimed represented his assignee’s share. We held, on authority of a number of cases, that the assignee acquired no interest in either the partnership property or in the profits of the partnership as such; that the utmost the assignee acquired was a right to demand of the assignor an accounting for a portion of Ms share of the partnership profits, and that such right was founded “ upon the contract, not in re.”
Here the contract upon which petitioners rely does not purport to assign even as much as did the contract in the Harris case. All that the petitioners bound themselves to do was to pay to the elder Hathaway’s widow a sum certain “ out of the income of the firm.” They did not contract to admit her to the partnership or to assign to her any part of or interest in the partnership. J. M. Hutchinson, 11 B. T. A. 789, cited by petitioners, was decided upon the theory that the persons to whom certain monthly payments were to be made by the partners “ had an interest in the business.” There, the partners inherited the business under the will of their father and the will imposed upon them the obligation of making the payments involved. Here, the petitioners had their partnership interest at the time they agreed to pay over a part of the income and it is not shown that their interests were changed upon the death of the father, except that they and the other children were vested remain- *1322 dermen with respect to the father’s interest in the partnership. Certainly their respective interests were not diminished by either the contract they endorsed or by the elder Hathaway’s will; hence, their distributive portions of partnership profits were not decreased. Whatever part of the partnership profits ultimately came to the widow, came not from the partnership, for she had no interest therein, but from the partners. Rockefellow v. Miller, 107 N. Y. 507; 14 N. E. 433.
While Emma J. Hathaway, under the antenuptial agreement, may have acquired an enforceable claim against the petitioners in their individual capacity, a question we need not decide, it is clear that the agreement did not give her any enforceable legal right against the partnership or to any of its profits. The payments made in the taxable years were not, in our opinion, ordinary and necessary business expenses of the partnership. Julian F. Hamerslag, 15 B. T. A. 96. See also Willard C. Hill, 14 B. T. A. 572.
If the antenuptial agreement, by reason of all the partners having signed it, be regarded as one having for its purpose the purchase of Mrs. Hathaway’s dower rights in the elder Hathaway’s interest in the partnership, then the payments made by petitioners must be considered to be capital expenditures. The situation is analogous to the purchase of a deceased partner’s interest by the surviving partners out of partnership income, which we have held in Willard C. Hill, supra, does not serve to reduce the distributive shares of the partners.
There being no evidence of any kind before us on the additional issue raised by Alton H. Hathaway, the action of the respondent in declining to allow him a deduction for the cost of worthless stocks is sustained.

Judgment will he entered for the respondent.