T. J. ROGERS AND VICTORIA V. ROGERS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15536. Promulgated February 27, 1929.

*Earl R. Lewis, Esq.*, for the petitioners.
*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

OPINION

Van Fossan: The record in this case is confused and in part almost unintelligible, due to the extreme age, 83 years, and the almost total

deafness of petitioner T. J. Rogers, the sole witness. The patient efforts of counsel to state questions clearly and adduce the facts of the case were largely negatived by these disabilities. Dealing generously with the record as made and filling the gaps in testimony by inference, the facts seem to be that petitioner Victoria V. Rogers had formed an intention to distribute her separate property among her children while she yet lived. Among other investments were certain farm lands in Iowa. In a previous instance when a farm was sold in 1919 petitioner had caused the mortgage covering the purchase price to be executed in the name of a daughter, the amount of said mortgage being regarded as a distribution to the daughter.

In the instant case petitioner Victoria V. Rogers was the owner of an undivided twenty-five-fortieths of a farm in Iowa. In July, 1919, she, with the other coowners, made a contract to sell the farm, deed and possession to be given March 1, 1920. At the time of the giving of the deed she received as her twenty-five-fortieths share of the cash payment $19,031.25. The balance of her share of the purchase price, amounting to $56,250, was covered by notes which petitioner directed the purchaser to make payable to her daughter Laura. A similar direction was given as to the mortgage and both notes and mortgage were accordingly made in the name of the daughter and were delivered to her.

On these facts petitioners contend that as a matter of law "a taxpayer is not liable for income tax on any portion of the sale price of real estate sold, where such taxpayer in good faith has the proceeds from such sale paid by the purchaser to a close relative (daughter) of the taxpayer and where such taxpayer never received said proceeds." The fallacy of this broad statement is too apparent to require discussion. See *Rennselaer & Saratoga R. R. Co.* v. *Irwin*, 249 Fed. 726; *Fred W. Warner*, 5 B. T. A. 963; *Alfred LeBlanc*, 7 B. T. A. 256.

In the case at bar petitioner, as the owner of the real estate, gave the daughter either the corpus of the property or the unpaid part of the proceeds of the sale thereof. That it was not the corpus is clear. There was no transfer by deed from petitioner to the daughter nor was there anything purporting to be a transfer. The contract of sale was not assigned. The deed ran to the purchaser and title was conveyed to him. Simultaneously with the passing of the title arose the obligation of the vendee to pay. This obligation ran to the vendor, to whom the cash payment was made. At the instant of the consummation of the sale the obligation of the vendor to pay a tax on any profit derived became fixed. The fact that the vendor directed that the notes and mortgage be made payable to a third party is immaterial and could not affect or lessen the obligation of the vendor

to account for all profits on the transaction. It follows that what was conveyed to the daughter was a right to collect and retain the deferred payments, but the obligation of the vendor to pay tax on all profits, being fixed at the time of sale, was not reduced by this gift of the unpaid proceeds. The device of making the notes and mortgage covering the unpaid balance payable directly to the daughter was merely a short-cut of no legal effect on the tax obligation of the vendor.

The second contention advanced by the petitioners is stated as follows:

The taxpayer is not liable for income tax on deferred payments of purchase money on the sale of real estate where such deferred payments are never actually made, and liability for the same on the part of the purchaser is cancelled upon his re-conveyance of said real estate of said taxpayer. And the re-conveyance of said real estate to a daughter of the taxpayer, in good faith, in return for the cancellation of notes evidencing said deferred payments, which were made payable by said purchaser to said daughter instead of said taxpayer, is equivalent to re-conveyance to said taxpayer.

The law contemplates an annual accounting and taxpaying period. This transaction was concluded, the cash payment made and notes and mortgage given in 1920. Petitioner's obligation was to account for the entire profit arising from the sale and this obligation in 1920 could not be affected by the fact that four years later there was a default and conveyance to the daughter. The law makes certain provisions for readjustments resulting in losses, but they are not applicable here. We are of the opinion that respondent was correct in his determination that Victoria V. Rogers should account in 1920 for the total profit arising from the sale of her interest in the farm.

On the remaining issue, that of fraud, respondent, on whom rests the burden of proof, this case being heard after the Revenue Act of 1928 became effective, introduced no affirmative evidence, but rested his case on inferences to be drawn from the facts noted. On the record made we are of the opinion respondent has not established that petitioners falsely and fraudulently understated their income with intent to evade tax.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*