H. F. MARIE CLAUSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51706.   Promulgated June 28, 1933.

*Saul I. Radin, Esq.,* and *Frederick L. Cramer, Esq.,* for the petitioner.

*W. F. Wattles, Esq.,* for the respondent.

564

OPINION.

SMITH: By the interlocutory decree of the Supreme Court of the State of New York held in and for the County of New York, dated March 21, 1927, the petitioner is declared to be seized in fee simple and possessed of 92,340/427,680 parts of certain premises in the Borough of Manhattan and of 57/132 parts of certain premises in the Borough of Brooklyn, which were devised to her by her brother. The decedent owned a one-half interest in the first described premises. These premises were sold at a profit. No question is raised in this proceeding as to the amount of the profit realized upon the sale of the decedent's interest therein. By virtue of the agreement which the petitioner had entered into with her sisters in 1924, the court decreed that the petitioner should receive only 4/22 of the proceeds from the sale of the property and that the balance of the proceeds should be distributed in accordance with the terms of the agreement. Petitioner therefore contends that she is taxable upon only 4/22 of the profits realized from the sales, while the respondent contends that the petitioner is taxable upon 92,340/213,840 of the profit realized upon the sale of decedent's interest.

The petitioner was the owner in her own right of an undivided 92,340/427,680 interest in the Manhattan properties, for under the decree of the Supreme Court of New York her foreign sisters were alien enemies and incapable of inheriting or holding New York real estate and the provisions of the brother's will for their benefit were void and of no effect. The interest of the deceased brother passed absolutely to the petitioner and her American sister, Elfriede Siebrecht. In the collateral agreement of 1924 between the sisters, after the official conclusion of peace between the United States and Germany on July 2, 1921, the petitioner agreed to keep 4/22 of the proceeds of the sale of her brother's estate and further agreed that the balance of her share should be paid to her sisters in Germany, or their heirs. This agreement, so far as it concerns the profits

subsequently realized on the sale of the particular properties in the Borough of Manhattan with which we are concerned, was but an attempt to assign the petitioner's future profits. If it had been more than that deeds from the German sisters or their heirs would have been necessary when the properties were sold. There were none. The German sisters had no vestige of title. They held a contract, much as the mother in *Bing* v. *Bowers*, 22 Fed. (2d) 450; affd., 26 Fed. (2d) 1017, held assignments for love and affection from her son of specified entities " out of my share of the rents, income, and profits from my interest in all the property, real and personal, conveyed or to be conveyed " by a certain company named to another company. The court said:

* * * The deeds were assignments of or from future net income, and made without valuable consideration. * * * For the question presented is not whether, as between grantor and grantee, the assignment is effective and enforceable, but whether the assignment, even if enforceable as against the grantor * * * prevents the entire gross income from being income taxable as against the grantor.

\* \* \* \* \* \* \*

To permit the assignor of future income from his own property to escape taxation thereon by a gift grant in advance of the receipt by him of such income would by indirection enlarge the limited class of deductions established by statute. As long as he remains the owner of the property, the income therefrom should be taxable to him as fully, when he grants it as a gift in advance of its receipt, as it clearly is despite a gift thereof immediately after its receipt.

In *Battleson* v. *Commissioner*, 62 Fed. (2d) 125, the court said:

* * * the mere equitable ownership of the wife in the partnership interest standing in the name of her husband by reason of an agreement on the part of her husband to transfer the property to her would not prevent the application of the rule recently announced by the Supreme Court in *Burnet* v. *Leninger*, 285 U.S. 136, 52 S. Ct. 345, 76 L. Ed. 665, where the husband transferred to his wife one-half his interest in the partnership, and the husband nevertheless remained the ostensible and active partner in the business.

See also *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, and *Harris* v. *Commissioner*, 39 Fed. (2d) 546, both decided by the United States Circuit Court of Appeals for the Second Circuit; *T. J. Rogers*, 15 B.T.A. 638; affirmed and appeal dismissed without opinion, 41 Fed. (2d) 1012.

By the agreement of January 16, 1924, the petitioner did not make a valid gift of any portion of her interest in the property acquired by her from her deceased brother to her sisters residing in Germany. The effect of the agreement was simply that the petitioner's interest in the properties should be sold and a portion of the proceeds distributed to her sisters in Germany. For reasons above stated, we are of the opinion that this did not have the effect of freeing the

petitioner from tax upon the profit realized on the sale of her interests in the properties.

The assertion of the delinquency penalty for failure to file an income tax return for 1925 is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*