ARTHUR C. HILMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48108, 53559, Promulgated April 11, 1933.

*Henry J. Richardson, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

ARUNDELL: These proceedings were consolidated for hearing and report, and involve the redetermination of deficiencies in income taxes for 1926, 1927 and 1928, in the respective amounts of $17,746.17, $10,346.63 and $2,826.20. During the taxable years the partnership of which the petitioner was a member reduced its net profits by amounts equal to 25 per cent of its net income paid to the estate of a deceased member of a former partnership. The respondent restored these payments to the net profits of the partnership distributable to its members, and increased the taxable income of the petitioner in accordance with such action. Whether or not such action was proper is the sole question presented here for decision. The proceedings were submitted on a stipulation of facts which, by reference, is adopted as our findings of fact.

On May 1, 1924, Lorenzo E. Anderson, Arthur C. Hilmer (the petitioner) and Oliver J. Anderson, formed a partnership under the firm name of Lorenzo E. Anderson & Company, for the purpose of conducting a general brokerage business as the successor of a partnership bearing the same name. By the terms of the articles of partnership Lorenzo E. Anderson retained sole ownership of the firm name, its good will, furniture and fixtures used by the predecessor partnership and seats on the New York Stock Exchange, New York Cotton Exchange, Chicago Board of Trade, St. Louis Stock Exchange, and Merchants' Exchange of St. Louis. The partnership agreement further provided that in case of the death of Lorenzo E. Anderson, the surviving partners could continue the business for 60 days after his death under certain provisions, and in the event Oliver J. Anderson, individually, or with petitioner or others, should within said 60 days elect to continue the business, they would have the right to do so, " but shall not be required to pay anything on account of the use of said name [Lorenzo E. Anderson & Company] or on account of good will, except as hereinafter stated." The agreement then provided that if an election was made to continue the business, Oliver J. Anderson or the new firm, if one was formed, would immediately obligate himself or itself, as the case might be, to pay to the estate of Lorenzo E. Anderson, on specified terms, the amount of his interest in the firm, the amount of his furniture and fixtures account, the then market value of his memberships and seats in exchanges and boards of trade, and, in addition thereto, " annually

an amount equal to twenty-five per centum (25%) of the net profits of the business conducted by said Oliver Anderson or the new firm or any firm that shall take over the business, for three years after the date of the death of said Lorenzo Anderson."

Lorenzo E. Anderson died June 22, 1925. The petitioner and Oliver J. Anderson, the surviving partners, elected to continue the business. In their written notice to the executors of the estate of Lorenzo E. Anderson of such election, they agreed to pay to the executors the amount of the deceased partner's interest in the firm, the balance in his furniture and fixtures account and the market value of his memberships and seats in exchanges and boards of trade, together with " an amount equal to twenty-five per cent (25%) of the net profits of the business of Lorenzo E. Anderson and Company, for three (3) years after the date of death of Lorenzo E. Anderson."

The surviving partners, with M. C. Jones, and George Witsma, Jr., formed a new partnership as of July 1, 1925, under the name of Lorenzo E. Anderson & Company. The agreement provided that the "name of Lorenzo E. Anderson & Company and the present and future good will of this copartnership, or any survivors of future copartnership of the business belong and shall belong equally to said Anderson and said Hilmer exclusively," on the death of either, the whole to go to the survivor. The net profits and losses of the partnership were to be divided and borne as follows: Anderson and Hilmer, each 42½ per cent; Jones, 10 per cent; and Witsma, 5 per cent. Provision was also made in the agreement for the payment to the estate of Lorenzo E. Anderson of " an amount equal to 25% of the net profits of this copartnership for three years from July 1, 1925"; for charging any such payments as an expense of the firm, and that the net profits distributable to the partners would be such amounts as remain after deducting the payments made to the estate.

In an agreement entered into on August 19, 1925, between the members of the partnership, acting in their individual capacity, and the executors of the estate of Lorenzo E. Anderson, it was recited that a portion of the assets transferred to the then partnership carried on under the name of Lorenzo E. Anderson & Company consisted of the interest of Lorenzo E. Anderson in the predecessor partnership of Lorenzo E. Anderson & Company, and that these assets were acquired from the estate of Lorenzo E. Anderson by Oliver J. Anderson and Arthur C. Hilmer. The members of the partnership agreed in the contract to pay to the executors annually for three years an amount equal to 25 per cent of the net profits of the partnership.

The effect of the action of the partnership in reducing its net profits by amounts paid to the estate of Lorenzo E. Anderson, was to decrease the partnership income distributable to the members of the firm. The same result would have been reached by deducting the amounts from the gross income of the partnership. The substance of the petitioner's claim is that the amounts paid to the estate were a charge against partnership income and, accordingly, ordinary and necessary business expenses of the partnership.

A large portion of the assets employed by the old partnership was owned entirely by Lorenzo E. Anderson. He gave his partners an option to acquire these assets in the event of his death, with the right to obligate any new partnership formed to pay the purchase price thereof. This right of payment was not availed of, although a new partnership was organized. The assets were purchased by the petitioner and Oliver J. Anderson and they agreed to pay the required consideration. Later the partnership, and all of the members thereof in their individual capacity, agreed to pay the amounts to be based upon partnership profits, without in any way relieving the petitioner and Anderson from their primary obligation.

It does not appear that the partnership acquired any of the property and it never agreed with the estate to pay for the assets. The contract to pay for all the property was between the petitioner and Anderson and the estate, and as to the amounts to be based upon firm profits, the estate had the additional promises of Jones and Witsma. These sums were not payable out of partnership profits, but merely based on the amount of the earnings. Payments made from any source would have satisfied the contract.

The estate was not a member of the new partnership and was not entitled to share in its earnings. These belonged entirely to the members of the firm in proportion to their several interests. The partnership acquired no property rights from the estate in consideration of the payments. Such benefits as were derived by the payments went to the partners in their individual capacity. The effect of the transactions was to have the partnership pay personal obligations of its members. Such shifting of obligations can not be availed of to reduce partnership profits for tax purposes. *Hill* v. *Commissioner*, 38 Fed. (2d) 165; affirming 14 B. T. A. 572.

We find no error in the respondent's treatment of the amounts in question. *Hill* v. *Commissioner, supra; S. J. Hallahan*, 14 B. T. A. 584; affd., 39 Fed. (2d) 420; *Benedict* v. *Price*, 38 Fed. (2d) 309.

*Decision will be entered for the respondent.*