*Decision will be entered under Rule 50.*

WILLIAM C. FORDYCE AND ANDREW W. JOHNSON, AS STATUTORY LIQUIDATING TRUSTEES OF ANCO INVESTMENT COMPANY, FORMERLY A CORPORATION, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58647. Promulgated June 21, 1934.

*Henry J. Richardson, Esq.,* for the petitioners.
*James A. Polk, Esq.,* for the respondent.

### OPINION.

ARUNDELL: In this proceeding the petitioners assert that the Anco Investment Co. is not only not liable for the deficiencies determined by the Commissioner for the years 1928 and 1929 in the respective amounts of $6,873.86 and $5,321.02, but that all income taxes paid by the Anco Co. for the years in question should be refunded. The facts have been stipulated and we will make only such reference to them as seems necessary to a discussion of the questions involved.

On May 1, 1924, Lorenzo E. Anderson, Arthur C. Hilmer, and Oliver J. Anderson entered into an agreement of copartnership under the firm name of Lorenzo W. Anderson & Co., which provided among other things that in the event of the death of Lorenzo E. Anderson and the continuance of the business of that firm by the surviving partners or either of them, 25 percent of the net profits of the business of the successor firm by that name should be paid to the estate of Lorenzo E. Anderson for a period of three years after his death.

On June 22, 1925, Lorenzo E. Anderson died. On July 1, 1925, Oliver J. Anderson and Arthur C. Hilmer, together with two new partners, entered into an agreement of copartnership under the firm name of Lorenzo E. Anderson & Co., which continued until May 31, 1927. This copartnership agreement provided that 25 percent of the net profits of the business for a period of three years should be paid to the estate of Lorenzo E. Anderson before any division of the partnership income should be made among the partners. It also provided that Oliver J. Anderson and Arthur C. Hilmer should be considered as the owners of the good will and trade name of the firm. Oliver J. Anderson and Arthur C. Hilmer also contracted as individuals with the executors of the estate of Lorenzo E. Anderson that this payment should be made.

On or as of May 31, 1927, Arthur C. Hilmer purchased the interests of the other partners in the firm and assets of Lorenzo E. Anderson & Co. To enable him to carry out this purchase he obtained loans or advances from nine persons in the total amount of $470,000. This money Hilmer deposited in a special account and checked the same out in two checks, one to Oliver J. Anderson for $85,000 and the other to the firm of Lorenzo E. Anderson & Co. for $385,000. This latter amount was in turn paid out to the retiring partners for their interest therein. Hilmer, by the same contract, agreed that he would carry out the obligation to pay 25 percent of the net profits of the business of Lorenzo E. Anderson & Co. to the estate of Lorenzo E. Anderson, deceased, for the period formerly agreed upon.

On June 20, 1927, Hilmer and William C. Fordyce entered into an agreement of copartnership under the firm name of Lorenzo E. Anderson & Co., which partnership continued until January 2, 1928, when a new agreement was entered into by Hilmer and Fordyce.

On the same date, January 2, 1928, an agreement was entered into by and between the Anco Investment Co., as party of the second part, and Lorenzo E. Anderson & Co., as party of the first part, which contained the following provision:

*First*: Party of the second part agrees to advance to the party of the first part cash and securities as required by the party of the first part for all purposes of the business to be conducted by the party of the first part for the party of the second part, it being understood that the party of the second part shall bear all expenses and losses connected with said business and shall receive all profits derived therefrom after deducting said expenses, including salaries to be fixed by the Board of Directors of the party of the second part, but nothing herein shall be taken as making said corporation or any of its shareholders, other than those who have personally signed the articles of co-partnership of Lorenzo E. Anderson & Company, partners in said firm of Lorenzo E. Anderson & Company.

The Anco Investment Co. was incorporated under the laws of the State of Missouri on December 27, 1927, and was qualified to do

business only in that state. The members of Lorenzo E. Anderson & Co. were members of a number of stock and commodity exchanges, including the New York Stock Exchange. Such exchange memberships were assets of the partnership of Lorenzo E. Anderson & Co. and were used exclusively by it in the conduct of its business. All of the exchanges had rules permitting only natural persons to be members of and trade on the exchanges.

The partnership had its principal offices in St. Louis, Missouri, with branches in San Antonio and Dallas, Texas. It transacted all its business in its own name, including dealing with its customers, underwriting of securities, purchase and sale of securities, borrowing money and maintaining bank accounts, and advertising and soliciting business, and otherwise acted as principal in all its dealings. The entire operations of the business of Lorenzo E. Anderson & Co. were reflected on the partnership books. The net profits therefrom, with the exception of the amounts paid to the estate of Lorenzo E. Anderson, deceased, were credited to the account of "Arthur C. Hilmer Agent Capital Account", which account when so credited represented the entire net worth of the copartnership. With the exception of the amounts paid during each of the taxable years to the estate of Lorenzo E. Anderson, the total profits of the partnership which had been credited to the account of "Arthur C. Hilmer Agent Capital Account" were then taken upon the books of the Anco Investment Co. under an account entitled "Arthur C. Hilmer Agent." The Anco Investment Co. had no income from any other source.

The partnership made an income tax return for its fiscal year ended May 31, 1928, in which it showed a total income of $252,541.06 and the following distribution thereof under the heading "Partners' share of income and credits"; to "Arthur C. Hilmer, Agent for Anco Investment Company", $186,929.09; "25 per cent of the net income paid to the estate of Lorenzo E. Anderson, deceased, $50,-611.97." "Arthur C. Hilmer, $15,000."

For the fiscal year ended May 31, 1929, the partnership returned a total income of $494,929.06, and showed the following distribution thereof under the title "Partners' share of income and credits": to "Arthur C. Hilmer, Agent for Anco Investment Company", $454,-346.14, and "Estate of Lorenzo E. Anderson, deceased", $40,582.92.

The Anco Investment Co. made its returns on a calendar year basis and for the years 1928 and 1929 reported as taxable income the amount shown above as its distributive share of the partnership earnings.

On audit of these returns the Commissioner held that the entire income of the partnership, without reduction on account of the amount paid by the partnership to the estate of Lorenzo E. Ander-

son, deceased, was the income of the Anco Investment Co. In the personal income tax returns of the members of the copartnership only the amounts they had actually received from the partnership were reported as income therefrom.

The broad question we have to decide from these facts is whether the money received by the Anco Investment Co. from the partnership pursuant to the contract of January 2, 1928, was income to it, and whether the portion of the income of the partnership paid to the estate of Lorenzo E. Anderson & Co., which in fact was not turned over to the Anco Investment Co., should be taxed to the latter on the ground that the partnership was merely the agent of the corporation.

Petitioners' argument is that the income sought to be taxed to the Anco Investment Co. was in fact income to the partnership and as such may be taxed only to the partners, citing in support of their position, among other authorities, *Mitchel* v. *Bowers*, 15 Fed. (2d) 287; *Burnet* v. *Leininger*, 285 U.S. 136; and *Lucas* v. *Earl*, 281 U.S. 111. They further argue that the corporation was not a partner in Lorenzo E. Anderson & Co., not only because as a matter of law a corporation may not be a member of a partnership, but also because it was made clear by the agreement of January 2, 1928, between the Anco Investment Co. and the partnership that it was not the intention of the parties that the corporation should become a member thereof. Petitioners also urge that the partnership did not operate its brokerage and banking business in the capacity of agent for the Anco Investment Co., but that the partnership at all times acted as principal and solely and only for itself.

It does not seem to us that the arguments made by petitioners meet the situation, even assuming that as a general proposition of law they are sound, a matter which it is not necessary to decide for the moment. It is an undisputed fact that the Anco Investment Co. received certain sums of money from the partnership which represented the net earnings of the partnership other than the 25 percent of the profits that went to the estate of Lorenzo E. Anderson and the $15,000 that went to Hilmer. This money was paid to the Anco Investment Co. pursuant to the terms of the contract of January 2, 1928. It was not a gift, but was paid over for a valid consideration. There is no evidence that it was a return of capital to the Anco Investment Co. The Anco Investment Co. reported it as income in its income tax returns and paid a tax on it. The Commissioner treated it as income and opposes a claim now made for the refund of the tax paid. The burden rests on the petitioners to prove that the money received by the Anco Investment Co. was not income, and that they have failed to do. We may assume that the Anco

Investment Co. was not a partner in the partnership of Lorenzo E. Anderson & Co. and that the partnership was not the agent of the corporation in the conduct of its affairs. The Anco Investment Co., nevertheless, received money under a valid contract for a valid consideration and there is no showing that the money so received was not income, but on the record it clearly was income to the corporation and properly taxable to it.

The deficiency arose by reason of the attempt by the Commissioner to tax the Anco Investment Co. with the 25 percent of the partnership income which was paid over to the estate of Lorenzo E. Anderson, deceased. We held in *Arthur C. Hilmer*, 27 B.T.A. 1165, that the agreement to pay this sum to the estate of Lorenzo E. Anderson was not a deductible expense of a prior partnership, but that the surviving partners were in fact buying out the deceased partner's interest in the business. That decision is authority for holding that the 25 percent paid to the executors of Lorenzo E. Anderson is not a deductible item.

There is no doubt that to the partnership income there should be added the 25 percent so paid, or rather that such amount should not have been allowed as a deduction in computing the partnership's net income. But it does not follow that this sum may be added to the income of the Anco Investment Co., for that company never in fact received that sum and the amount can only be taxed to it on the theory that the Anco Investment Co. was a partner in the partnership of Lorenzo E. Anderson & Co., which earned the money, a contention that the Commissioner no longer seems to urge, or on the theory that the partnership was the agent of the Anco Investment Co. (a mere managing partnership) and that the income of the agent was income of the principal and consequently the 25 percent paid out should be added to the amount paid over by the Anco Investment Co. While the contract between the Anco Investment Co. and the partnership did not specifically provide that the 25 percent to be paid to the estate of Lorenzo E. Anderson should be deducted before determining the amount to be paid over to the Anco Investment Co., we think a fair construction of the several contracts requires the conclusion that not only the partnership immediately succeeding that of May 1, 1924, but any and all successors thereof were obligated to pay 25 percent of the net profits to the Anderson estate. Such is the construction placed upon the agreement by the interested parties, as shown by the distributions made and entered on the books and reported for tax purposes. In these circumstances it seems to us that the 25 percent of the partnership income which was paid over to the estate of Anderson may not be treated as constructively received by the Anco Investment Co. and accordingly may not be taxed to it. Only so much of the income of the partnership as was actually re-

ceived by the Anco Investment Co. or that it had a right to receive under its agreement with the partnership may be properly taxed to it, and it appears that it has already fully paid the tax on the actual amount paid it by the partnership under the contract of January 2, 1928.

In view of the conclusion reached it is unnecessary to discuss the further contention of the Commissioner that the conduct of the Anco Investment Co. has been such as to estop it from now claiming that the sums received from the partnership may not be taxed to it.

*Decision will be entered under Rule 50.*