## BURNET, COMMISSIONER OF INTERNAL REVENUE, *v.* LEININGER.

No. 426. Argued February 16, 1932.—Decided March 14, 1932.

Mr. *Claude R. Branch*, with whom *Solicitor General Thacher, Assistant Attorney General Youngquist*, and *Messrs. Sewall Key, John H. McEvers*, and *Wilbur H. Friedman* were on the brief, for petitioner.

Mr. *Irwin N. Loeser*, with whom *Messrs. Levi Cooke* and *George R. Beneman* were on the brief, for respondent.

138

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The respondent sought a redetermination of deficiencies in income taxes for the years 1920 to 1923. The question related to the income earned on respondent's share in a partnership known as the Eagle Laundry Company, doing business in Cleveland, Ohio. By virtue of an agreement made with his wife, respondent insisted that she was ' a full equal partner with him in his interest in the partnership ', and that each should return and pay tax upon one-half of the income attributable to that interest. The Commissioner determined that respondent was taxable upon the whole of the income earned on his share in the partnership, and the Board of Tax Appeals affirmed that decision. 19 B. T. A. 621. The Circuit Court of Appeals reversed the order of the Board, 51 F. (2d) 7, and this Court granted a writ of certiorari.

The question arises under § 218 (a) of the Revenue Acts of 1918 and 1921 (40 Stat. 1070; 42 Stat. 245) which provided:

" That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year . . ."

There is no challenge to the findings of fact made by the Board of Tax Appeals as being unsupported by evidence, and they must be treated as conclusive. *Phillips* v.

*Commissioner*, 283 U. S. 589, 599, 600. Upon these findings, which are set forth in the margin,[1] it cannot be maintained that the agreement between the respondent and his wife made her a member of the partnership. That result could not be achieved without the consent of the

[1] The findings of the Board of Tax Appeals are as follows:

" In 1898 a partnership known as Eagle Laundry Company was organized by petitioner and one M. G. Monaghan, each owning a one-half interest. In 1904 Monaghan died and his wife, Mary T. Monaghan, succeeded to his interest in the firm and on the books of the company. In 1920 Mary T. Monaghan transferred by bill of sale her interest to her children. The entire Monaghan interest was thereafter carried on the books in the name of Marcus A. Monaghan. The partnership returns for the years 1921, 1922 and 1923 filed by Eagle Laundry Company disclose the partners to be petitioner and M. T. Monaghan and the income to be distributable one-half to each. Each of the three children of Mary T. Monaghan, however, returned a proportionate part of the income for taxation.

" During the latter part of 1920 a written agreement confirmatory of a pre-existing oral agreement, was entered into between petitioner and his wife, wherein it was acknowledged that petitioner's wife had been and was a full equal partner with him in the interest in the Eagle Laundry Company, entitled to share equally in the profits and obligated to bear equally any losses. The contract was effective from the beginning of 1920. The written agreement was not produced, probably having been lost in a fire at the plant. The fact of this transfer was communicated to Marcus A. Monaghan, who represented the owners of the other one-half interest in the Eagle Laundry Company. The Leininger interest always stood in the name of C. P. Leininger on the partnership books but Mrs. C. P. Leininger returned one-half of the profits of the Leininger interest for taxation.

" Petitioner and his wife maintained prior to and throughout the period here involved a joint bank account on which each could draw unrestrictedly. The profits received from the partnership were deposited in this account by Leininger, no checks on the partnership being drawn to the wife. After the execution of the agreement the wife also maintained a small personal account in which were deposited checks received on account of earnings on her personal investments. Mrs. Leininger took no part in the management of the business and made no contribution to its capital. There was never any formal accounting between petitioner and his wife."

other partner or partners,[2] and there is no finding of such consent. The mere communication of the fact that the agreement had been made was not enough. It does not appear that there was any attempt to change the ownership of the partnership assets or the control of the partnership enterprise. It was the husband's interest that was the subject of the agreement.[3] His wife was to be an ' equal partner with him ' in that interest. The business of the firm was continued as before. Complying with the statute,[4] the partnership returns, verified by the husband for the years in question, stated that the names of the partners were ' C. P. Leininger and M. T. Monaghan, each owning one-half.' 19 B. T. A. at p. 623. The ' Leininger interest ' remained in the name of the respondent on the partnership books. His wife took no part in the management of the business and made no contribution to its capital. The profits received from the partnership went to the respondent, no checks on the firm being drawn to the wife. Upon the facts as found, the agreement with Mrs. Leininger cannot be taken to.

---

[2] *Channel* v. *Fassitt,* 16 Ohio 166; *Pagel* v. *Creasy,* 6 Ohio App. 199, 207, 208; *McNamara* v. *Gaylord,* 3 Ohio Fed. Dec. 543, 546, 1 Bond 302; *Bank* v. *Carrollton Railroad,* 11 Wall. 624, 628, 629; *Burnett* v. *Snyder,* 76 N. Y. 344, 349; *Cohan* v. *Commissioner,* 39 F. (2d) 540, 542.

[3] See *Nixon* v. *Nash,* 12 Ohio St. 647, 650; *Bank* v. *Carrollton Railroad, supra; Case* v. *Beauregard,* 99 U. S. 119, 124; *Burnett* v. *Snyder, supra; Rockafellow* v. *Miller,* 107 N. Y. 507, 510; 14 N. E. 433; *Mitchel* v. *Bowers,* 15 F. (2d) 287, 288; *Cohan* v. *Commissioner, supra; Harris* v. *Commissioner,* 39 F. (2d) 546, 547.

[4] Section 224 of the Revenue Acts of 1918 and 1921 (40 Stat. 1074, 42 Stat. 250) provided:

" That every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners."

have amounted to more than an equitable assignment of one-half of what her husband should receive from the partnership, she in turn agreeing to make good to him one-half of the losses he might sustain by reason of his membership in the firm.

The respondent urges that the assignment to his wife was of one-half of the ' *corpus* ' of his interest and that this ' *corpus* ' produced the income in question. The characterization does not aid the contention. That which produced the income was not Mr. Leininger's individual interest in the firm, but the firm enterprise itself, that is, the capital of the firm and the labor and skill of its members employed in combination through the partnership relation in the conduct of the partnership business. There was no transfer of the *corpus* of the partnership property to a new firm with a consequent readjustment of rights in that property and management. If it be assumed that Mrs. Leininger became the beneficial owner of one-half of the income which her husband received from the firm enterprise, it is still true that he, and not she, was the member of the firm and that she had only a derivative interest.

The statute dealt explicitly with the liability of partners as such. Applying to this case, the statute provided that there should be included in computing the net income of Leininger his distributive share of the net income of the partnership. That distributive share, as he himself stated in his return on behalf of the partnership, was one-half. In view of the clear provision of the statute, it cannot be said that Leininger was required to pay tax upon only a part of this distributive share because of the assignment to his wife. The case of *Lucas* v. *Earl,* 281 U. S. 111, is analogous. There the husband made a contract with his wife by which his salary and fees were to be " received, held, taken and owned " by them as joint tenants. The Court recognized that a forcible argument

was presented " to the effect that the statute seeks to tax only income beneficially received, and that taking the question more technically the salary and fees became the joint property of Earl and his wife on the very first instant in which they were received." But the case was deemed to turn on the import and reasonable construction of the taxing act. "There is no doubt" said the Court, " that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew." *Id.*, pp. 114, 115. This ruling was not disturbed by *Poe* v. *Seaborn*, 282 U. S. 101, which pointed out the distinction. *Id.*, p. 117.

We find no reason to doubt the validity of the tax. The Congress, having the authority to tax the net income of partnerships, could impose the liability upon the partnership directly, as it did under the Revenue Act of 1917 (40 Stat. 300, 303), or upon the 'individuals carrying on business in partnership ', as in the statutes here involved. The Congress could thus tax the distributive share of each partner as such, as in *Lucas* v. *Earl, supra,* it taxed the salary and fees of the person who earned them. A different situation was presented in *Hoeper* v. *Tax Commission of Wisconsin,* 284 U. S. 206, where the question related to the earnings of the wife and the income which she received from her separate estate. For that which thus belonged to her the Court held that her husband could not be taxed. In the instant case, the right of the wife was derived from the agreement with her husband and

rested upon the distributive share which he had, and continued to have, as a member of the partnership.

The decree of the Circuit Court of Appeals is reversed and the order of the Board of Tax Appeals affirmed.

*Circuit Court of Appeals reversed.*
*Board of Tax Appeals affirmed.*