A. M. ELLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46586.    Promulgated April 20, 1932.

*A. E. James, Esq.*, for the petitioner.
*Eugene Harpole, Esq.*, for the respondent.

OPINION.

TRAMMELL: The sole question presented is whether the $24,664.82 which the respondent added to the petitioner's taxable income for 1927 was properly taxed to him, or whether, by reason of an alleged assignment of a portion of the trading account from which this income was derived to his two sons, the amount should have been taxed to them. The petitioner contends that on or about January 17, 1927, his sons acquired a " present interest " in the " brokerage account owned by him in association " with Ullrich and, therefore, that the profits therefrom, which were later distributed to them, were their taxable income. The respondent counters with the contention that the petitioner and Ullrich were partners in the conduct and operation of the trading account, each entitled to a stated percentage of its profits, and that the petitioner was taxable upon his distributive share of its income before any division was effected with the sons, and he cites in support of such contention *Ormsby*

*McKnight Mitchel,* 1 B. T. A. 143, and *Mitchel* v. *Bowers,* 9 Fed. (2d) 414; affd., 15 Fed. (2d) 287; certiorari denied, 273 U. S. 759. *George M. Cohan,* 11 B. T. A. 743; affd., 39 Fed. (2d) 540; *Noble* v. *Commissioner,* 12 B. T. A. 1419; *Leininger* v. *Commissioner,* 19 B. T. A. 621; and *Heinickle* v. *Commissioner,* 20 B. T. A. 155.

We can not agree with the petitioner that the transaction here effected the assignment of an interest, "present," future or otherwise, in the " brokerage account " itself, and we can not so find as a fact, notwithstanding the witnesses constantly referred to the account as the object of assignment. The account was opened in the petitioner's own name and it continued in his name, in so far as the record discloses, until liquidation. The brokerage firm with which the account was carried knew nothing whatsoever about the alleged interest of the sons in the account, nor was it even apprised of Ullrich's interest in or to the profits until dissolution of the existing arrangement was effected. And, more important still, neither Ullrich nor the two sons had any interest whatsoever in the securities deposited by the petitioner in, and which became a part of, the trading account. In fact, the securities themselves were the account—without them the account would have been a mere empty vault and, indeed, the account would not even have existed. Therefore, what he purportedly assigned was not, as the petitioner contends, an interest in the trading account itself, but, as we have stated in our findings of fact, an " interest in the prospective profits accruing to his 70 per cent interest in the trading account." In other words, we believe the foregoing factors and the testimony of record are wholly inconsistent with the petitioner's contention and that the alleged assignment was not of an interest in the account itself, but an interest in the petitioner's interest in the profits, as, if, and when realized by him.

The principles involved here are squarely controlled by those laid down in many of the previous decisions of this Board and of the courts. In *Hazel T. Power,* 23 B. T. A. 428, a recently decided case, after thorough examination of the cases upon the subject, we said, " The rule is well established that notwithstanding the document of grant or assignment itself may be perfectly valid and enforceable between the parties thereto, the liability for income tax upon future income or profits which will or may accrue to the assignor by reason of the ownership of or an interest in property can not be avoided by the assignor or grantor through the grant or assignment of such income or profits to another." *Ormsby McKnight Mitchel* and *Mitchel* v. *Bowers, supra, T. J. Rogers et al.,* 15 B. T. A. 638; petition for review dismissed, 41 Fed. (2d) 1012; *J. T. Browning et al.,* 16 B. T. A. 485; *L. Brackett Bishop,* 19 B. T.

A. 1108; *Alexander S. Browne*, 3 B. T. A. 826; and *Edward J. Luce*, 18 B. T. A. 923; affirmed by the Court of Appeals, D. C., January 18, 1932, holding the assigned income taxable to the assignor or grantor. This principle has been established by the U. S. Supreme Court. *Burnet v. Leininger*, 285 U. S. 136.

Based upon the record made, we have found as a fact, speaking of the petitioner's two sons, that "Their interests pertained solely to prospective profits to be derived from the securities traded in." This finding is supported by the following testimony given by the petitioner himself:

> Q. What was your conversation with your two sons on January 17, 1927; what was the actual arrangement that you made with them? In other words, were they to have a portion of your original principal in that account?
>
> A. An interest of seventeen and a half per cent each in whatever profit the account may bring.
>
> Q. And that was just an interest in the profits that might arise?
>
> A. That is right, and each one I considered had $1,000 invested, and it was practically a gamble by them as to any amount that they might take out, if there should be a profit.

The petitioner, in our opinion, was the sole owner of the trading account, certainly in so far as his two sons were concerned, and of the securities deposited therein, and the income accrued to him by reason of such ownership. His rights naturally arose before the rights of others could possibly have arisen. The profits were his, accruing by virtue of such ownership of property, and the tax thereon can not be avoided by him through the medium of an assignment to his sons. In the *Leininger* case, *supra*, petitioner assigned to his wife an interest in his partnership interest, but the court held that the profits arising from his interest were taxable to him and that he was not relieved therefrom by the assignment. In this case the profits came in to the petitioner. The tax is not to be avoided by what petitioner afterwards does with his profits.

Nor do we consider that any different rule should apply to the paper profit of $3,030.18 which had accrued to the account in January, 1927, but which had not been realized at the time of such assignment. It was merely a prospective profit. It had not been subjected to tax. If and when realized it was no different from any other future profit.

For the above and foregoing reasons we are of the opinion that the respondent's determination should be approved. In thus deciding we deem it unnecessary to consider whether or not there was a copartnership between the petitioner and Ullrich as the respondent urges.

Reviewed by the Board.

*Judgment will be entered for the respondent.*