CHARLES R. ROSEVEAR, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.
J. EDWARD YOUNG, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 59625, 59626. Promulgated September 11, 1934.

*Allen G. Gartner, Esq.*, and *Edward I. Sproull, C.P.A.*, for the petitioners.
*Elden McFarland, Esq.*, for the respondent.

OPINION.

SEAWELL: The two above styled proceedings were consolidated for hearing and decision. The petitioners seek a redetermination of deficiencies in income taxes for the year 1928 determined by respondent, as follows: Charles R. Rosevear, Docket No. 59625, $4,098.41; J. Edward Young, Jr., Docket No. 59626, $2,371.27.

The issue in each case is the same, that is, whether or not certain assignments to their respective wives by the petitioners, who constituted the partnership of Thurston & Braidich, made the wives copartners with the petitioners in the firm and thereby made the parnership income taxable one fourth to each of the four.

Under articles of copartnership executed December 10, 1921, each of the petitioners owned a 50-percent interest in the partnership of Thurston & Braidich, importers, whose place of business was in New York City. Petitioner Rosevear resided in Montclair, New Jersey, and petitioner Young in New York City.

The assignments heretofore referred to were executed on February 1, 1923. The J. Edward Young, Jr., assignment recited:

WHEREAS, I have invested in said firm of Thurston and Braidich $249,090.60 on January 1, 1923; and

WHEREAS, Minnie Young is desirous of acquiring a fifty (50) per cent sub partnership interest in my capital as shown by the books of Thurston and Braidich on January 1, 1923, and fifty (50) per cent of any earnings accruing yearly to me on this capital when and as determined at the close of each year:

Now, THEREFORE, To ALL WHOM IT MAY CONCERN, be it known that, for and in consideration of one (1) dollar to me in hand paid together with other good and valuable consideration the receipt whereof is hereby acknowledged,

I, J. Edward Young, Jr., have sold, assigned and transferred unto Minnie Young a fifty (50) per cent interest in the capital to the credit of my account as at January 1, 1923, said fifty (50) per cent interest amounting to $124,545.30, together with a fifty (50) per cent interest in the earnings accruing to me under partnership agreement between me and Charles R. Rosevear dated December 10, 1921.

This assignment is made, however, subject to the following express conditions, to wit:

That my capital account on the books of Thurston and Braidich shall be kept intact and without giving effect to this assignment, and that losses suffered or incurred in and about the business of the partnership of Thurston and Braidich, through operations or otherwise, shall be borne by me in the ratio expressed in the original partnership agreement between me and Charles R. Rosevear dated December 10, 1921, and without giving any consideration to this sub partnership agreement, and in no event shall Minnie Young be liable for an amount in excess of the capital assigned under this assignment together with any undistributed profits to the credit of said Minnie Young.

In the Charles R. Rosevear assignment to his wife, Edith D. Rosevear, it is recited: "Whereas, I have invested in said firm of Thurston and Braidich $404,395.84 on January 1, 1923," and thereafter the wording of the instrument, except for the figures and names, is identical with the Young assignment. Each of the petitioners had knowledge of the other's assignment.

In their individual income tax returns for 1928 each of the petitioners reported one fourth of the partnership profits and each wife one fourth. The respondent held that one half of the partnership income was taxable to each petitioner, resulting in the proposed deficiencies.

The partnership return of income for 1928 indicates a distribution of partnership income to the wives in the same amount (omitting salaries paid petitioners) received by their husbands. The 1928 individual tax returns filed by the petitioners and their wives included as income the amount shown on the partnership return as representing their respective portions of the partnership income. The wives paid with their individual checks the amount of tax shown on their returns to be due.

The partnership returns for the years 1923 to 1927, inclusive, all reported the distribution of partnership income similar to that reported in the return for 1928.

The question of the validity and effect of the aforesaid assignments by the petitioners to their wives was raised by the respondent when the partnership returns of income and individual income tax returns filed by the petitioners and their wives for 1923 were audited, and it was then held, and such ruling was followed thereafter until returns for 1928 were audited, that the wives of the petitioners were members of the partnership known as Thurston & Braidich, equally interested with their husbands therein, and as such properly

included their reported distributive share of partnership profits in their individual returns of income.

Article 5, paragraph 53, of chapter 408 of the Laws of New York, 1919, provides:

A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

The evidence is clear and uncontradicted that the petitioners' wives were not copartners in the original partnership of Thurston & Braidich.

The legal effect of the assignments was not altered because partnership returns were filed showing the wives as partners with their husbands and income of the partnership so reported. That such returns, prior to the 1928 returns of the petitioners, were filed and approved by the then Commissioner, who recognized the assignments as valid and having the legal effect now claimed for them by petitioners, of course, in no way binds or controls our determination as to their legal effect when the question is raised with respect to petitioners' returns for the year now in issue, 1928.

The assignments relied on by petitioners are specific in their declaration of intent. Taking the expressions used in the assignments in their ordinary legal meaning, it appears clear that the original partnership of Thurston & Braidich was to continue and that the assignments were merely intended to have the effect of forming subpartnerships. It is plainly and positively stated in the assignments that " losses suffered or incurred in and about the business of the partnership of Thurston and Braidich " were to be borne " without giving any consideration " to the subpartnership agreements.

A subpartnership is defined to be a partnership formed between a member of a partnership and a third person for a division of the profits coming to him from the partnership enterprise, by an agreement of such a character as to disclose the essentials necessary to a partnership between the partner and the third person. Such third person does not become a member of the first partnership nor is he liable for its debts. Ballentine's Law Dictionary, p. 1244; 20 R.C.L., p. 1073.

On the record as presented, we are of the opinion and hold that the petitioners by or through said assignments did not make their wives copartners with them in the partnership known as Thurston & Braidich and, in fact, their wives were not such partners.

The statute (section 182 of the Revenue Act of 1928) specifically provides: "There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year." The wives not being copartners with petitioners in the firm of Thurston & Braidich, the distributive income of the firm is taxable to petitioners alone, though each petitioner may by virtue of his subpartnership with his wife have to account to her in accordance with his agreement with her. In view of the fact that it is not shown that the wives contributed any capital whatever to the firm and it is shown that the assignments were subordinate to the original partnership agreement between the two petitioners, as has been set out above, we are of the opinion and hold that the respondent did not err in his determination of deficiency in income tax in either of the two cases herein, consolidated for hearing.

While the facts and circumstances in the case of *Burnet* v. *Leininger*, 285 U.S. 136, cited and relied on by the respondent, are not identical with those in the instant cases, we are, nevertheless, of the opinion that the principles and reasoning set forth in the opinion in that case are applicable and controlling herein.

> *Judgment in each case will be entered for the respondent.*