JASPER SIPES, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72605. Promulgated November 23, 1934.

*Charles H. Garnett, Esq.*, for the petitioner.
*Willis R. Lansford, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1930 in the amount of $7,413.87. Respondent determined the deficiency in part by adding to the petitioner's gross income the amount of $16,485.77 representing partnership profits included as income of the petitioner's wife on a separate return filed by her. The original petition raised nine issues, all of which were abandoned at the hearing except the first issue, namely, whether petitioner's wife, during the taxable year, was a member of the partnership known as the Jasper Sipes Book Co. and entitled to 22½ percent of the net earnings of that company.

The petitioner is an individual, residing in Oklahoma City, Oklahoma. Since 1914 the petitioner and one W. T. Russell have been engaged as partners in the school book depository business in Oklahoma under the name of Jasper Sipes Book Co. The business consisted of the handling and distribution of school books for the public schools of the State of Oklahoma as consignee of certain publishers of school books having contracts with the Oklahoma Text Book Commission to supply them for said schools. The business was substantially a wholesale jobbing and marketing of merchandise handled on consignment.

An essential feature of the business was contracts with publishing houses for handling and distributing books on consignment. The petitioner was the member of the partnership who negotiated these contracts, some of which were executed in the name of the partnership and some by petitioner personally, but all were for the benefit of the partnership and were used in its business. Bonds were required by the publishing houses, and these generally were executed in the name of the partnership, and also by the petitioner individually as surety.

Russell was in charge of the office at Oklahoma City and of the receiving, handling, and forwarding of merchandise, the keeping of the books, the correspondence, collection of accounts, and the making of remittances. Petitioner's services were mainly outside of the office work and management of the business.

During 1929 it was agreed between the petitioner and his wife that she should have an interest of 22½ percent in the partnership, to come out of petitioner's interest, as a gift to her effective January 1, 1930. This was also agreed to by the other partner, Russell, and she became a partner to the extent above stated. At the time petitioner and his wife discussed the matter of her entering the partnership, they also discussed giving a percentage of the partnership earnings to their children.

Petitioner's wife did not draw any of her share of the partnership profits during 1930, but received the entire amount of her distributable share during 1931 in three checks paid to her by the partnership. She maintained a bank account separate from that of her husband, and deposited these checks in her own account.

On December 31, 1929, petitioner addressed a letter to Russell, reading as follows:

I am desirous of taking the members of my family into partnership with me in the business known as the Jasper Sipes Book Co. Also it has become necessary to make use in the book business of part time service of the stockholders of the Jasper Sipes Co. Therefore, beginning with the calendar year 1930, you will please distribute the earnings from the sale of school books as follows:

45% to the above parties, divided as follows:

| | |
|---|---:|
| To Mrs. Jasper Sipes | 22½% |
| To my son, Glen J. Sipes | 7½% |
| To my daughter, Mrs. Curtis Wright | 7½% |
| To stockholders, Jasper Sipes Co | 7½% |
| | 45 |

55% will then be divided between us:

| | | |
|---|---:|---:|
| To W. T. Russell | 18% | |
| To Jasper Sipes | 37% | 55 |
| | | 100 |

Please make your accounting accordingly in the distribution of earnings from the sale of school books until further notice.

Mrs. Sipes reported the amount of her distributable share of the partnership net income in her separate return for the taxable year. Respondent added that amount to petitioner's income in computing the deficiency, holding that petitioner did not give his wife an interest in the partnership, but only a percentage of the partnership earnings to come out of his part, and that therefore the entire amount represented his distributable share of the partnership income, taxable to him.

The question thus presented is whether or not petitioner gave his wife an interest in the partnership known as the Jasper Sipes Book Co. under such circumstances as to make her a member of the partnership at the beginning of the taxable year.

The elements essential to the creation of a partnership have been many times the subject of judicial consideration, and many definitions of the term have been laid down. The Compiled Statutes of Oklahoma in section 8103 define a partnership as the "association of two or more persons for the purpose of carrying on business together, and dividing its profits between them." The respondent in his brief quotes the following definition of a partnership from the opinion of the Court in *Meehan* v. *Valentine*, 145 U. S. 611:

The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. *Ward* v. *Thompson*, 22 How. 330, 334.

To constitute a partnership under the quoted definitions, there must be (1) an association or joining together of the parties to carry on a business enterprise, which requires of course express or implied consent to the arrangement by all the parties who are to be partners; (2) a contribution by each of property or services; and (3) a community of interest in the profits. An express agreement to share losses is not essential. Section 8108 of the Oklahoma Statutes provides that "an agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated." This is also the rule in the absence of statutory provision. *N. H. Hazlewood*, 29 B. T. A. 595.

The intention of the parties and their agreement to form a partnership are affirmatively established by the evidence in the instant case.

In addition to the services rendered, petitioner's wife contributed to the new partnership property consisting of the 22½ percent interest in the assets of the old partnership, which was the subject matter of the gift to her by her husband.

In the notice of deficiency, respondent bases his action in holding that the agreement between petitioner and his wife did not make her a member of the partnership on authority of the Supreme Court's decision in *Burnet* v. *Leininger*, 285 U. S. 136 (also cited on brief), where it was held that the agreement between Leininger and his wife did not make her a member of the partnership for the reason, among others, that such result could not be achieved without the consent of the other partner or partners.

In *Rose* v. *Commissioner*, 65 Fed. (2d) 616, the controlling facts are similar to the present proceeding, and in distinguishing the *Leininger* case, the court said:

In the *Leininger* case there was an agreement between husband and wife that the latter was to be an equal partner with her husband in his interest in a certain partnership. The court held that the agreement did not make the wife a member of the firm because there was no consent by the other partners

to the wife's admission to the partnership, and no attempt to change the ownership of the partnership assets or control of the partnership enterprise; because the firm's income tax returns failed to show the wife a partner, because the husband's undivided partnership interest remained on the firm's books; and because all profits went to the husband and no checks were drawn on the firm to the wife. None of these tests applies to the situation here involved. While no express consent to the transfer of partnership interest was given by decedent's copartners, there was clearly acquiescence by them, with full knowledge of the facts, in the reorganization of the firm.

In the case at bar the other partners expressly consented to the admission of petitioner's wife to the partnership, as well as to the transfer of an interest in the partnership to her, and a corresponding change was made in the ownership and control of the enterprise; the partnership's return showed Mrs. Sipes as a member thereof, and her distributable share of the net income was paid directly to her by the partnership. The *Leininger* decision, we think, does not support respondent's position.

Respondent's action on this issue is disapproved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*