CARROLL E. DONNER AND THE MARINE TRUST COMPANY OF BUFFALO, GUARDIANS OF THE PROPERTY OF JOSEPH W. DONNER, JR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CARROLL E. DONNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60235–60237. Promulgated April 16, 1935.

*Ralph M. Andrews, Esq.,* for the petitioners.
*W. Frank Gibbs, Esq.,* and *Frank M. Thompson, Jr., Esq.,* for the respondent.

OPINION.

MORRIS: The major question for our determination is the proper basis for computing gain or loss upon the securities transferred to the partnership, Rennod Co., upon the sale of such securities by that company in the taxable year. The respondent contends that the basis should be the cost to the contributing partners and that the fair market value thereof at the date of such contributions should not be used, as the petitioners contend. *Edward B. Archbald*, 27 B. T. A. 837; affirmed at 70 Fed. (2d) 720; certiorari denied, 293 U. S. 594, so completely disposes of this issue in favor of the petitioners that further discussion is useless. See also *Helvering* v. *Walbridge*, 70 Fed. (2d) 683; certiorari denied, October 8, 1934.

The respondent's answer places in issue the question of whether or not the partnership income attributable to the interest of Joseph W. Donner, which he assigned as of February 1, 1929, to the Marine Trust Co. of Buffalo, as trustee, to collect the profits and income therefrom and pay the same to his wife, Carroll E. Donner, during her lifetime is, notwithstanding such assignment, taxable to him or, in his stead, his estate. The respondent contends that, in effect, this was merely an assignment of " future income " and that therefore for tax purposes the income must be taxed to the assignor. The petitioner relies mainly upon *William W. Parshall*, 7 B. T. A. 318, and *John Barnes, Jr., Estate*, 7 B. T. A. 924, affd., 30 Fed. (2d) 289, both of which held that there was an assignment of a partnership interest, and that thereafter the profits accruing to that interest were taxable to the assignee. These cases were decided, however, prior to

the decision of the United States Supreme Court in *Burnet* v. *Leininger*, 285 U. S. 136. In that case the Court said:

The statute dealt explicitly with the liability of partners as such. Applying to this case, the statute provided that there should be included in computing the net income of Leininger his distributive share of the net income of the partnership. That distributive share * * * was one half. In view of the clear provision of the statute, it can not be said that Leininger was required to pay tax upon only a part of this distributive share because of the assignment to his wife. * * *

* * * The Congress could thus tax the distributive share of each partner as such, as in *Lucas* v. *Earl*, *supra*, it taxed the salary and fees of the person who earned them. * * * In the instant case, the right of the wife was derived from the agreement with her husband and rested upon the distributive share which he had, and continued to have, as a member of the partnership.

Sections 181 and 182 (a) of the Revenue Act of 1928 are practically identical with section 218 (a) of the Revenue Acts of 1918 and 1921, which were involved in the *Leininger* case.

In the instant proceeding the trustee's rights rested upon Donner's distributive share, and were derived from the trust agreement. That agreement specifically provided that the trustee was not to become a member of the partnership. There was no change therefore in the membership of the partnership by virtue of the agreement. Accordingly, under the statute as construed by the Supreme Court in the above opinion, Joseph W. Donner is taxable upon the distributive share of his limited partnership interest whether distributed or not.

Several other questions were raised by the pleadings, which it is unnecessary to decide, either due to concessions made by the parties or to our conclusion on the first issue.

Reviewed by the Board.

*Decision will be entered under Rule 50.*