OPINION. Smith, Judge: The evidence is that the restaurant business was begun by petitioner on a small scale, with borrowed capital, and that he and his wife worked together for many years in making it a success. The wife had a real stake in the business. This was recognized by petitioner from the beginning. The income from the business was all kept in joint bank accounts and petitioner and his wife were jointly obligated on loans which they incurred in its operation. Petitioner and his wife have always treated the earnings from the restaurant business, as well as other income, as belonging to them jointly. The assignments which petitioner made to his wife on December 15, 1938, of a one-half interest in the real estate and the oil and gas lease were in recognition of her equitable interests in those properties. The facts are much like those in Felix Zukaitis, 3 T. C. 814. We held in that case that a husband and wife were equal owners in a beer distributing business to which the wife had contributed capital and services over a long period of time and that the wife was taxable on one-half of the income of the business. See also Max German, 2 T. C. 474. A different question would be presented if petitioner had been the sole owner of the business and his wife had made no contributions of capital of her own or her services. Cf. Schroder v. Commissioner, 134 Fed. (2d) 346; Mead v. Commissioner (C. C. A., 5th Cir.), 131 Fed. (2d) 323; certiorari denied, 318 U. S. 777; Earp v. Jones, 131 Fed. (2d) 292; Tinkoff v. Commissioner, 120 Fed. (2d) 564; certiorari denied, 314 U. S. 581. In addition to the income from the restaurant business, petitioner and his wife also received rentals from the several parcels of real estate and royalties from the oil and gas lease above described. There were three separate real estate properties, the South Haven residential property, the vacant lot at 645 West Michigan Avenue, Kalamazoo, and the upper floors of the restaurant building at 128 East Michigan Avenue. Title to the South Haven property was taken in the joint names of petitioner and his wife. We think that petitioner’s wife was the owner of a one-half interest in the property and that she was taxable on one-half of the rentals therefrom. Petitioner acquired the lease on the premises located at 128 East Michigan Avenue with funds withdrawn from the Hollys Grill account, in which was deposited all of the income from the restaurant business, as well as that of petitioner and his wife from other sources. The funds in that account were the property of both petitioner and his wife. Likewise, the lease purchased with those funds was their joint property and the income therefrom was joint. Moreover, petitioner’s wife would be entitled to one-half of the rentals from the property by reason of the assignment to her of a one-half interest in the lease which petitioner made on December 15,1938. That assignment was made in recognition of the wife’s equitable interest. What has been said of the 128 East Michigan Avenue property is also true of the 618 West Michigan Avenue property and the oil and' gas lease. There is no question but that petitioner made valid assignments of a one-half-interest in those properties to his wife on December 15, 1938. The income from the properties, we think, belonged in equal shares to petitioner and his wife regardless of whether they were partners in the restaurant venture. See Champlin v. Commissioner, 71 Fed. (2d) 23; McKee v. Alexander, 48 Fed. (2d) 838; First National Bank of Duluth, Administrator, 13 B. T. A. 1096; Alfred Hafner, 31 B. T. A. 338; Max German, supra. Title to the 645 West Michigan Avenue property was taken by petitioner and his wife as tenants by the entirety. It has been held that under the laws of the State of Michigan the income from property so held is taxable equally to the husband and wife. Commissioner v. Hart, 76 Fed. (2d) 864; affirming 27 B. T. A. 528; Herman Gessner, 32 B. T. A. 1258. In instances like the present one, where the income consists entirely of rentals and not from the conduct of any business enterprise, there could be no reason for taxing either spouse on more than his or her half. Reviewed by the Court. Decisions will be entered under Rule 50.