Opper, J., concurring: The statement of facts makes it appear that this business was operated as a sole proprietorship, notwithstanding formal references to the wife as a “partner.” If this were justified, it would seem to me to constitute acceptance of the masquerade of one well recognized method of doing business under the purely technical and insubstantial guise of a wholly different one. Cf. Gregory v. Helvering, 293 U. S. 465. And a mere sharing in the profits after they were earned, no matter how meticulously engaged in, would not be sufficient. Burnet v. Leininger, 285 U. S. 136. The record, however, contains such evidence as the following: Q. Will you tell us whether or not you and Mr. Webster ever discussed the policies and the business of the restaurant? A. Ves, of course we did. This and similar indications of the actual operation of a partnership-business constitute the factual premise for the result arrived at which would to my mind be the appropriate subject for inclusion in the findings of fact. Cf. Felix Zukaitis, 3 T. C. 814, 815, 819, with Max German, 2 T. C. 474. Since they appear in the record, however, the-conclusion reached seems to me to be correct, and I concur in it.