OPINION. Leech, Judge: It is petitioners’ sole contention that by the agreement entered into on May 1,1940, each made a complete gift of a one-fourth interest in the assets and business of the partnership business to his wife and by the same instrument their wives entered into partnership with them, contributing thereto, in each case, the one-fourth interest which had been coincidentally so received by them under the contract. Respondent, on the other hand, argues that by the transaction no completed gift of any interest in the assets of the partnership was effected, that the wives therefore contributed no capital to the alleged new partnerships, and that consequently such alleged new partnerships are not to be recognized for tax purposes and the income in question is taxable to petitioners. We agree with respondent. Since it is stipulated that the wives furnished no services to the partnership, its recognition for Federal income tax purposes, in so far as the wives are concerned, depends on whether they contributed capital. The fact of this contribution turns here on whether the petitioners actually effected completed gifts of interests in partnership assets to their wives by the agreement of May 1,1940. It is true the petitioners and their wives registered as a partnership under the Fictitious Names Act of the Legislature of Pennsylvania (Act of June 28, 1917), by virtue of which the property of the wives as well as that of the husbands became liable for the debts of the partnership business. This fact did not help in any way the credit of the business, since; in this record, there is nothing to indicate that either of the wives had any property other than that purportedly given to them in the agreement of May 1, 1940. As such “gift” was an indispensable part of the agreement, it was thus subject to the obligation that it be left in the partnership business. The agreement specifically provided that petitioners alone could fix their compensation from the business and hence to a great extent the amount of the net income for distribution. And there is no evidence that any such income was ever distributed to the wives nor, if distributed, whether it was used as their income. In fact, it is not even revealed whether “proper books of account” of the so-called partnership were ever kept as the agreement provided. Either petitioner, under the agreement, could prevent the sale or assignment, during the life of. his wife, of the interest he allegedly gave to her. And, at her death, neither wife had a right of testamentary disposition of the property. It was provided that the husband should succeed to the interest of his wife upon her death, but there was no corresponding provision entitling the -wife to the husband’s share if he predeceased her. Such wife would receive only a one-third interest in the husband’s share and the surviving petitioner was given a right, in that event, to purchase at book value, excluding any value for good will, not only her one-third interest in the husband’s share, but her one-fourth interest in the partnership business. We are not impressed with the argument of petitioners that the effect of these provisions contradicting the actuality and completeness of the alleged gifts is answered by the fact that their wives had a right to dissolve the partnership and force a distribution to each of them of one-fourth of the partnership assets. The premise for this argument is that there is no specific term fixed in the agreement for the duration of the partnership. It is true that no such period measured by months or years is provided. But the agreement evidences to us an intention that the partnership shall exist at least until the death of one of the petitioners .or one of their wives. We can not reconcile the existence of a right on the part of the wife to force a distribution of partnership assets to her in the face of the fact that the only right she had, if any, was the enjoyment of such right during her life and which reverted to her husband, the donor, at her death. When scrutinized carefully and as a whole, in its present setting, as it must be, the agreement of May 1,1940, convinces us that neither petitioner intended to nor did effecluate a valid, completed gift of any interest in the assets of the business. Edson v. Lucas, 40 Fed. (2d) 398; Johnson v. Commissioner, 80 Fed. (2d) 710; Tyson v. Commissioner, 146 Fed. (2d) 50. We have noted the opinion of the Sixth Circuit on April 2, 1945, 148 Fed. (2d) 388, reversing our decision in Francis E. Tower, 3 T. C. 396, where we held as incomplete for tax purposes a gift of stock by a husband to his wife on condition that the corporation be liquidated and the distributive share of the wife be contributed to a partnership organized by the former stockholders to carry on the business, the wife to be a limited partner without voice in the management. But the situation there was different. The gift to the wife was absolute. No reversionary interest was retained, as here, by the husband. In fact, the court in its opinion in the Tower case differentiated it from Edson v. Lucas, supra, on the ground that in the latter case such an interest was retained by the donor. The petitioners rely upon our decisions in Richard H. Oakley, 24 B. T. A. 1082; Robert P. Scherer, 3 T. C. 776; and M. W. Smith, Jr., 3 T. C. 894. We think the facts in each of those cases are distinguishable from those in the present proceedings.. In all three of the cited cases the transfers by gift possessed an actuality and substance which are here lacking. We think that the effect of the agreement of May 1, 1940, was at most not more than a mere assignment by petitioners to their wives of a portion of their respective shares of the income of the partnership business. By such action they do not relieve themselves of the liability for tax on the income so assigned. -Burnet v. Leininger, 285 U. S. 136. Respondent's action in taxing the income of the business to the two petitioners in equal proportions is sustained. These petitioners are the petitioners in consolidated proceedings entered at Docket Nos. 1162 and 1163, which ask redetermination of deficiencies for the year 1940. Certain concessions have been made and the parties have stipulated that the present deficiencies are to be adjusted on final computation in accordance with such concessions and our decision of the main issue raised in each of those other proceedings. Effect will be giventhereunto upon recomputation. Decisions will be entered under Rule 50.