1020

## FRED W. EWING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4405.   Promulgated October 31, 1945.

*Walter H. Scott, Esq.*, for the petitioner.
*Cecil H. Haas, Esq.*, for the respondent.

1022

**OPINION.**

SMITH, *Judge*: Our principal question in this proceeding is whether petitioner and his wife were engaged in 1940 in conducting a bona fide partnership business, within the meaning of the Internal Revenue Code, of buying and selling and renting road building and construction equipment under the name of Fred W. Ewing & Co. The respondent

has determined that there was never any bona fide business partnership between petitioner and his wife and that all of the income of the business is taxable to petitioner individually.

We agree with the respondent's determination. The business in question was started by petitioner in 1932 and was always under his direct management. His wife never took any important part in it and it is not claimed that she ever did any more than take telephone calls occasionally, help with the books, go on trips with petitioner to look at new and used equipment, and advise petitioner "on matters pertaining to any large amount of money, especially where it involved going into debt." It is not shown that the wife had any knowledge whatever of the business or of any business, or any experience which might have qualified her to advise the petitioner in any business matters.

An attempt was made by petitioner to show that the original capital for the business was furnished by his wife. The evidence is that she furnished the $3,000 cash which petitioner lent to the subcontractor of Baldwin Brothers Co., who later defaulted, leaving petitioner in ownership of the equipment which had been put up as security for the loan. However, no partnership business, and in fact no business of any kind, was contemplated at that time. It was the fortuitous circumstance of the subcontractor's default that put the petitioner in business. The wife did not intend to invest her funds in any business, but, according to petitioner's testimony, lent him the $3,000. His testimony was: "I loaned the money to Burke [the subcontractor]. Mrs. Ewing loaned the money to me to loan to Burke." Petitioner further testified that his wife in 1939 paid premiums of between $600 and $700 on his insurance policy and that he never did repay the money to her. Petitioner claims to have given his wife a one-half partnership interest in the business in consideration for these loans or advances. The business was worth many times the sum of those amounts, plus interest, at the time the alleged partnership was formed. Petitioner does not contend that he was not able at all times to repay his wife's loans.

The evidence is that petitioner managed and controlled the business from the beginning, performed most of the services, contributed all of the knowledge and skill required, and was solely responsible for the earnings. We think that the profits of the business were his earnings and must be taxed to him individually. We do not think that for income tax purposes his wife was engaged with him as a bona fide partner in the business. See *Burnet* v. *Leininger*, 285 U. S. 136; *Earp* v. *Jones*, 131 Fed. (2d) 292; certiorari denied, 318 U. S. 764; *A. L. Lusthaus*, 3 T. C. 540; affd. (C. C. A., 3d Cir.), 149 Fed. (2d) 232; *Miller* v. *Commissioner* (C. C. A., 2d Cir.), 150 Fed. (2d) 823; *Leonard W. Greenberg*, 5 T. C. 732; *W. M. Mauldin*, 5 T. C. 743.

As to the long term capital loss deduction claimed on the stock of the Clifton Building Co., the parties have stipulated in this proceeding that the question should be decided on the evidence adduced in *Baldwin Brothers Co.*, Docket No. 4404 (memorandum findings of fact and opinion entered July 30, 1945). We found on the evidence adduced in that case that the stock of the Clifton Building Co. became worthless long prior to 1940 and that no loss deduction for its taxable year ended February 28, 1941, was allowable to the Baldwin Brothers Co. as owner of the stock.

It would serve no useful purpose here to repeat the facts found in that case or further to discuss those facts. Accordingly we have made the finding above that the $6,000 of such stock which petitioner had previously acquired became worthless prior to 1940. Petitioner is not entitled to any deduction on account of the worthlessness of the stock in 1940.

*Decision will be entered under Rule 50.*