**SETTOS v. UNITED STATES.**

No. 10360.

United States Court of Appeals
Seventh Circuit.

Nov. 12, 1951.

Harvey B. Hartsock, Indianapolis, Ind., Gustav H. Dongus, Indianapolis, Ind., Davis, Baltzell, Hartsock & Dongus, Indianapolis, Ind., of counsel, for appellant.

Theron L. Caudle, Asst. Atty. Gen., Richard D. Harrison, Sp. Assts. to Atty. Gen., Matthew E. Welsh, U. S. Atty., Indianapolis, Ind., Ellis N. Slack, Helen Goodner, Sp. Assts. to Atty. Gen., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

On April 29, 1949, George Settos, instituted suit in the United States District Court for the Southern District of Indiana, Indianapolis Division, to recover from the government $51,323.65 with interest, said sum being federal income taxes for the years 1940 to 1943, inclusive, paid under protest by appellant to a former Collector of Internal Revenue, in the Indianapolis district. The government, by its answer, put in issue appellant's right to recover any part of the amount sued for.

The case was submitted to the court, and on November 20, 1950, a final order was entered directing that appellant take nothing by his complaint, and that his suit be dismissed at his costs. Thereupon, appellant moved to amend the findings of fact and conclusions made and entered by the trial court, and for a new trial. After argument and consideration thereof, these motions were denied by the District Court. This appeal followed.

It is contended here that the trial court erred in making and entering its findings of fact—which are claimed to be against the weight of the evidence.

It is also urged that the judgment of the trial court is contrary to the law.

The only issue presented on this record is—was Violet Settos, the wife of appellant, during the time involved (1940-1943), a co-partner with appellant and Judge M. Krapp in the operation and management of several moving picture theaters under the style and description of "Settos and Krapp?"

On behalf of the appellant, the claim is that the wife was a co-partner in said firm and as such entitled to 25% of the income thereof during the relevant years; that the husband was likewise entitled to 25% of the income during the period; and that the remaining 50% of the income belonged to Judge M. Krapp as the remaining co-partner. On the other hand, the government contends that the wife was not a partner and that the income of the firm during the years in question belonged, in equal shares, to appellant and Judge Krapp.

The Supreme Court in Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, and Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, has declared the principles properly applicable to the determination of problems of the character involved here. The test seems to be whether the parties in good faith, and acting with a business purpose, intend to join together in the conduct of the business as partners. All the facts and circumstances surrounding the transaction are to be taken into consideration; among these are the relationship of the parties, their respective abilities, the contributions, if any, of capital by each, their service, the actual control of the income and the purposes for which it is used. As the court points out, whether or not the parties in a given case intended to form a copartnership is a question of fact. Hence the findings of the trial court on such an issue should not be set aside unless they are clearly erroneous.

In the case at bar, the trial court concluded that no such partnership as contended for by appellant existed between himself, his wife, and Judge Krapp.

The appellant at the time of trial herein was about 54 years of age. He was a naturalized citizen, having been brought to this country from Greece at the age of six. When he was about nineteen years of age he went into the moving picture theater business, and has been so engaged almost continuously ever since. He had once been associated with Judge Krapp in a movie theater enterprise in Ohio, which was not successful.

His present association with the Judge, which gave rise to the "Settos and Krapp" partnership involved in this case, began around 1931 in Plymouth, Indiana. In both instances the Judge advanced the cash capital required, appellant contributing his experience and services. He and Violet were married in May, 1934.

Finding of fact number 16, which appellant does not question, states that prior to the year 1939, appellant and his wife filed federal income tax returns on the basis of appellant being a partner in the enterprise in question, and on the basis that his wife had no interest therein. Prior to the year 1940, gross income tax returns filed with the State of Indiana were on the basis of Mrs. Settos owning no interest in the partnership enterprise. Under such returns, both federal and state, Mrs. Settos reported no income from the enterprise in the form of distributive shares of profits from the partnership. The first time Mrs. Settos reported any income in the form of distributive shares was in her federal income tax return for 1939, filed in March 1940.

It appears from finding of fact number 17 that on January 3, 1939, the appellant and his wife, Violet, executed an agreement which provided that, in consideration of her assistance to him in looking after his interests in reference to the theater business, he would pay to her all his share of the profits arising and coming from the vending of candy and popcorn at the various theaters, in which he was interested, during the year 1938 and thereafter. He also agreed to pay to her one half of his share of all profits from the operation of theaters in which he was or thereafter might be interested, except a certain theater in Plymouth, Indiana. On her part, she agreed to continue to give him all assistance within her power in looking after his interests in reference to said theater business.

Judge Krapp was not a party to this agreement. He was informed of it late in 1939, but did not see it until probably 1943. He did not consent to the admission of Mrs. Settos as a partner in the enterprise.

The trial court properly concluded that this agreement of January 3, 1939, amounted to an assignment of one half of appellant's income (from the enterprises) to his wife Violet, but did not, as a matter of law, operate to give her any interest in the partnership. As was said in Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665: "* * * That result could not be achieved without the consent of the other partner or partners * * *. The mere communication of the fact that the agreement had been made was not enough. * * *" 285 U.S. at pages 139–140, 52 S. Ct. at page 346.

The income tax returns filed by appellant and his wife from 1940 through 1944 were on the basis of his wife and himself being partners in the firm styled "Settos & Krapp."

On August 2, 1941, a written agreement was entered into between appellant, Judge Krapp, Mrs. Settos and Mrs. Krapp, which recited that it was entered into for the purpose of disclosing their situation and partnership holdings. Under the express provisions of the contract it was provided that the theaters were to be operated and owned on a 50-50 basis by appellant and Judge Krapp. The contract provided that regardless of the names in which the stock of the Plymouth Amusement Company had been held that the Plymouth Amusement Company was partnership property belonging to said partnership and was owned by the two partners in equal shares.

The contract expressly provided that appellant and Judge Krapp were the owners of all of the theaters, and property mentioned in connection with the theaters, as equal partners in that "all profits from the partnership business shall be shared equally by said Frank M. Krapp and George Settos and all losses shall be shared and paid equally by each of them."

The wives of appellant and Judge Krapp expressly agreed to the contract and that they would be bound by all of the terms thereof.

Attached to the contract was an audit statement showing the assets and liabilities of the partnership, including the Plymouth Amusement Company, as of May 31, 1941, which audit statement set up a capital account in favor of Mrs. Settos, but which included in the capital account only accumulated profits for 1940, and did not show accumulated profits for prior years or any interest in the assets or good will. Accumulative profits for prior years were set up in the name of appellant and Judge Krapp, and the partnership equalization account showing tentative profits for the remainder of the year, showed said profits divided equally between appellant and Judge Krapp.

The trial court properly concluded that the contract of August 2, 1941 defined the partnership as being a 50-50 partnership between the appellant and Judge Krapp.

The court, in finding number 20, found that while appellant's wife performed certain services at the Rialto Theater, in Plymouth, Indiana, as cashier and in other capacities, and assisted appellant by service in the operation of other theaters, she devoted only a portion of her time to the work, kept no regular hours and had no regular duties. It concluded that such services were not performed in the capacity of a partner. Furthermore, appellant never reported any

gift to his wife of any interest in the partnership of "Settos & Krapp." He never made a federal gift tax return of such a transaction.

We are convinced that the findings of fact by the District Court are supported by substantial evidence, and may not therefore be disregarded by this court. We believe likewise that the conclusions are in accordance with the law.

The judgment of the District Court is affirmed.

Judge SWAIM concurs in the result.