Edmond N. Simone and wife, Alyce M. Simone v. Commissioner.
Simone v. Commissioner
Docket No. 45174.
United States Tax Court
T.C. Memo 1954-29; 1954 Tax Ct. Memo LEXIS 216; 13 T.C.M. (CCH) 431; T.C.M. (RIA) 54135; 3 Oil & Gas Rep. 906; May 5, 1954, Filed *216 Edmond N. Simone, 511 Inwood Street, Garland, Tex., pro se. J. Marvin Kelley, Esq., and James F. Hoge, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax: Year
Deficiency
1948
$3,121.62
1949
5,593.16
1950
321.06
The determination for 1950 is uncontested and since the filing of the petition the tax for that year has been paid. The following questions are presented for decision: 1. Did the Commissioner properly increase the income of petitioners by the amount of $14,687.50 in 1948, representing the purchase of a cashier's check by the petitioner Edmond Simone from unidentified income, and by the amount of $17,400 in 1949, representing four checks received by the petitioner Edmond Simone from unidentified funds? 2. Did the Commissioner properly increase the income of petitioners by the amount of $5,250 in 1949, representing funds deposited in the bank during the taxable year? 3. Did the Commissioner properly increase the income of petitioners by the amount of $1,299.25 in 1948, and $1,299.76 in 1949, representing income with *217 adjustments from an interest in an oil and gas lease, which income was received by the petitioner Alyce Simone, and the former wife of the petitioner Edmond Simone? Findings of Fact Petitioner Edmond N. Simone appeared pro se at the hearing and was the only witness. No brief has been filed by petitioners and they have neither filed a statement of facts nor taken issue with the Commissioner's request for findings of fact. The Commissioner's requested findings of fact are fully supported by the evidence of record and we adopt them as our own. The petitioners, husband and wife, during the years 1948 and 1949 were residents of Garland, Texas, and filed their joint income tax returns on the cash basis with the collector of internal revenue for the second collection district of Texas at Dallas, Texas. During the taxable years involved the principal occupation and source of income of petitioner Edmond Simone was gambling. The petitioner Edmond Simone purchased a cashier's check at the Mercantile National Bank, Dallas, Texas, in the amount of $14,687.50 on February 21, 1948, with cash funds from an unknown source of income. Petitioner has no record of the borrowing of any funds *218 which were used to purchase this cashier's check. Petitioner did not pay any interest or take any income tax deduction for interest on any loans alleged to have been made to petitioner as a result of his alleged borrowings during the taxable and prior years. The petitioner Edmond Simone received two checks from G. E. Hall in the total amount of $15,000 in April and May 1949, respectively, representing income received from fading dice at the Suburban Club, Dallas, Texas. The petitioner Edmond Simone received two checks from Dr. Leo G. Davis and Gertrude Davis in the total amount of $2,400 in May 1949, representing income received from fading dice at the Suburban Club, Dallas, Texas, over a period of three or four months during the taxable year. The petitioner, as a result of fading dice at the Suburban Club, was convicted of running a dice game and received a sentence in the State prison. Petitioner, as a result of his gambling operations, carried large sums of money and handled only cash funds. Petitioner gambled with unknown persons who would not take checks from him. Funds received as a result of gambling and fading dice in the amount of $5,250 (excluding loan proceeds and *219 N.S.F. checks) were deposited in the account of petitioner Edmond Simone in the Empire State Bank during the taxable year 1949. Petitioner kept no records of the funds received from gambling operations which made up the deposits in this bank account. Petitioners, in the taxable year 1948, owned a 6/224 interest in an oil and gas lease in which income in the amount of $1,144.20 was received in 1948 by the petitioner Alyce Simone, and income in the amount of $1,800 was paid to petitioner Edmond Simone's former wife, Katherine. Petitioners, in the taxable year 1949, owned a 6/224 interest in an oil and gas lease in which income in the amount of $273.59 was received in 1949 by the petitioner Alyce Simone, and income in the amount of $1,800 was paid to petitioner Edmond Simone's former wife, Katherine. In the notice of deficiency, respondent increased the petitioners' income in the year 1948 in the amount of $15,986.75 with the following explanation in the notice of deficiency: "(a) No definite information was furnished as to the source of the funds used to purchase a cashier's check for $14,687.50 on February 21, 1948, payable to Joe Trigg. It is held, therefore, that the amount *220 was income from an unidentified source, and since it was omitted from income per return, it is included here. "(b) Income taxable to you from a working interest in an oil and gas lease has been adjusted to include the amount paid from your 6/224 interest to your former wife under the divorce settlement, as follows: "Received by wife, Alyce, on
2/224
$1,144.20
Paid to former wife
1,800.00
Total
$2,944.20
Less: Depletion 27 1/2%
$809.65
Expenses per
return
254.00
1,063.65
Income from oil as corrected
$1,880.55
Income from oil per return
581.40
Adjustment
$1,299.15
"(c) The standard deduction of $1,000.00 is allowed in lieu of non-business deductions not itemized in the return." In the notice of deficiency, respondent increased the petitioners' income in the year 1949 in the amount of $23,879.76, with the following explanation in the notice of deficiency: "(a) Income received from gambling and not included in income per return is included here and is made up of the following items: "Two checks from G. E. Hall,
received in April and May
1949
$15,000.00
Two checks from Dr. Leo G.
Davis and Gertrude Davis,
May 1949
2,400.00
Funds deposited in Empire
State Bank (excluding loan
proceeds and N.S.F. checks)
5,250.00
Total
$22,650.00
*221 "(b) As in the prior year adjustment is made to oil income reported, as follows: "Received by wife, Alyce, on
2/224
$ 273.59
Paid to former wife
1,800.00
Total
$2,073.59
Less depletion 27 1/2%
570.24
Taxable income as corrected
$1,503.35
Taxable income as reported
273.59
Adjustment
$1,229.76
"(d) The optional standard deduction of $1,000.00 is allowed to determine net income." Opinion The burden of proving the incorrectness of the Commissioner's determination is on the petitioners. No books or records were produced at the hearing and the testimony was that none were kept. No documentary evidence of any kind was presented. Petitioner Edmond N. Simone was the sole witness. He explained that the cash used to purchase the cashier's check was obtained from loans previously made to him by several persons, the principal lender being now deceased. As to income from gambling, he contended that part of the money belonged to others, and, anyway, that he lost more during the year than he made and accordingly should not be taxed on the amounts added to his income by the Commissioner. His unsubstantiated explanations of the items in controversy are entirely *222 inadequate to demonstrate error in the Commissioner's action and we must approve the determination. Similarly, petitioners have failed to prove error in the Commissioner's determination with respect to the amounts paid to Edmond's first wife by an oil company from the oil and gas lease interest owned by Edmond. Edmond's explanation of this item was that the money was paid directly to his former wife by the company pursuant to a divorce and property settlement. Neither the divorce decree nor the settlement is before us. No claim is made that the amount is deductible as alimony under section 23 (u), Internal Revenue Code. The only contention made is that since the money was paid directly to the former wife, Edmond never received it and, accordingly, it should not be taxable to him. This contention is without merit. Helvering v. Horst, 311 U.S. 112; Burnet v. Leininger, 285 U.S. 136. Decision will be entered for the respondent.