**ALVIN DAVID FARIA, Appellee**

**v.**

**MARY ELLEN FARIA, Appellant**

Civil No. 53-A

District Court of Guam

Appellate Division

October 5, 1967

*Counsel for Appellee:* ARRIOLA, BOHN & DIERKING (JOHN
 C. DIERKING, of counsel)

*Counsel for Appellant:* DAVID M. SHAPIRO

Before SHRIVER, *Judge*, District Court of Guam; FURBER, *Chief Justice*, High Court of the Trust Territory of the Pacific Islands and PEREZ, *Chief Judge*, Island Court of Guam

SHRIVER, *District Judge*

## OPINION

This is an appeal by the appellant wife, defendant below, against the appellee husband, plaintiff below, resulting from the refusal of the Island Court to set aside its order distributing community property. Judge Perez did not hear oral argument in this case but it was stipulated that he should participate in the final determination. We affirm.

Alvin David Faria, hereinafter "husband," brought an action against Mary Ellen Faria, hereinafter "wife," for a divorce. The divorce was granted to the wife on her cross-complaint. In distributing the community property the Court ordered that the property should be equally divided and that an accountant, agreeable to the parties, should be appointed by the Court to determine the interest of the plaintiff in the business known as Sno-White as of May 31, 1967. In due course an accountant was appointed and a determination was made that the partnership interest of the husband was worth $13,156.25 as of May 31, 1967. One-half of this amount was awarded to the wife after the husband had borrowed the necessary amount to pay her in full. It is to be noted that the wife had independent knowledge of the value of the business as she had been employed by the business. The Court's order was entered November 2, 1966. Under date of December 20, 1966, the wife moved to have the order set aside upon the ground that the husband

had actually sold his partnership interest to his brother partner for an amount in excess of the value found by the accountant. As noted, the Court refused to set the order aside after hearing evidence.

In attempting to set aside the order the wife completely overlooked certain facts of partnership existence. In the first place, she had no right to a share in the partnership. As pointed out in *Burnet v. Leininger*, 285 U.S. 136, any agreement between husband and wife could not make the wife a member of the partnership. "That result could not be achieved without the consent of the other partner or partners, and there is no finding of such consent." This was a case in which the husband and wife attempted to split income for income tax purposes by having the husband agree that he would pay one-half of the partnership income to the wife and, in turn, the wife would assume one-half of his partnership liabilities.

In the second place, the purchase by the brother of the husband's partnership interest was not an arm's length transaction. It was based upon the peculiar relationships existing and although the wife was paid in full by the husband, the obligation of the brother to pay the husband involved credit extended to the brother. In this type of transaction there is also the latent possibility that a brother would be more considerate in paying more than the actual value. In any event, it is difficult to see why the wife should not be bound by the original determination.

In the third place it must be recognized that the husband gave up more than the money involved. He was a partner in a going business which had provided him with a managerial income plus profits from the operation of the business. Under the terms of his sale to the brother, his managerial salary was reduced and his employment limited to the time necessary to train a successor. We entirely agree with

177 .

the Island Court that there is no basis for setting its order aside and, as noted above, we affirm.