*396 OPINION.
Arnold :
The respondent contends that the assignment by petitioner to his wife under date of July 29, 1927, was not effective to relieve him of the tax (1) because he had agreed not to assign his claim against the Missouri corporation during the continuance of the option and (2) because it was, if effective, an assignment of future income and taxable to the assignor under the rule laid down in Lucas v. Earl, 281 U. S. 111, and Burnet v. Leininger, 285 U. S. 136.
Petitioner contends that the assignment in 1927 was only an evidence of the agreement made in 1923; that there was a joint venture and that Mrs. Street had a property interest of one-half of her husband’s interest therein from the time of the agreement in 1923.
Considering all the evidence in the record, we agree with the contention of the petitioner. The evidence shows that long before the *397 assignment in 1927 petitioner and his wife agreed that they should be associated in the enterprise and share equally. He and his wife were joint adventurers in the enterprise, cf. Denny v. Guyton, 327 Mo. 1030; 40 S. W. (2d) 562; Hobart-Lee Tie Co. v. Grodsky, 329 Mo. 706; 46 S. W. (2d) 859. Each participant in a joint adventure is taxable on the profits he realizes from the joint enterprise and it is not necessary that they furnish capital and services in equal amount, and the fact that one contributes property previously acquired does not destroy the validity of the arrangement, Motter v. Smyth, 77 Fed. (2d) 77. As the wife was a joint adventurer in the enterprise, the amount she realized therefrom was taxable to her and not to petitioner, H. S. Tuthill, 22 B. T. A. 887; Charles C. Ruprecht, 16 B. T. A. 919; affd., 39 Fed. (2d) 459. His interest, and consequently hers, was indefinite and uncertain prior to the contract of April 28, 1927. When it was ascertainable the assignment was made, which simply evidenced their understanding as it existed from the time they embarked in the enterprise. Mrs. Street was actively engaged in promoting the enterprise from its inception and we think had a property right in the profits. This right existed and was enforceable regardless of the assignment of July 29, 1927. Cf. William E. Seatree, 25 B. T. A. 396 (and cases cited therein); affd., 72 Fed, (2d) 67; Leonard Marshall Wright, 26 B. T. A. 21; John F. Canning, 29 B. T. A. 99; Hall v. Burnet, 54 Fed. (2d) 443; certiorari denied, 285 U. S. 552.
The fact that petitioner had agreed not to assign his claim during the period of the option did not preclude him from making an assignment evidencing the rights of those associated with him in such amount as should ultimately be realized from the venture. This we think is all he did.
It is immaterial that the $100,000 was carried on the books of the Missouri corporation as a credit to petitioner or that it was termed a promotion “fee” by various parties. It represented the interest of petitioner and his associates in the enterprise and came to be the only profit made by them. He was acting for himself and those associated with him in what he did. Nor do we think the fact that the stock of the Missouri corporation stood in the name of petitioner and Cravens is controlling. It appears from the balance sheet that the stock was “authorized but not issued” on December 31, 1926, and from the various contracts, it is clear that there was no permanent arrangement as to the final disposition of the stock before the option agreement was entered into. Moreover, the $200,000 was carried on the books of the Missouri corporation as a credit to petitioner and Cravens.
*398 Considering all the facts in the record, we think the $36,000 was properly returned by Mrs. Street and therefore sustain the contention of the petitioner.
Reviewed by the Board.

Decision will Toe entered for the 'petitioner.

Morris dissents.