Felix F. Tranchina v. Commissioner. Winifred Tranchina v. Commissioner.
Tranchina v. Commissioner
Docket Nos. 18366, 18367.
United States Tax Court
1949 Tax Ct. Memo LEXIS 117; 8 T.C.M. (CCH) 684; T.C.M. (RIA) 49481; August 8, 1949
*117 John J. Finnorn, Esq., Maritime Bldg., New Orleans, La., for the petitioners. Donald P. Chehock, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: These consolidated proceedings involve deficiencies in income tax determined against a Louisiana marital community for the year 1944 in the amounts of $663.69 in the case of the husband and $675.67 in that of the wife. Deficiencies for 1943 of $1,052.20 and $1,053.83, respectively, have been conceded by petitioners. The sole issue is whether petitioners or a trust created by the husband for petitioners' children are taxable on the distributable income of a limited Texas partnership. All of the facts have been stipulated or are contained in exhibits. They are hereby found accordingly. [The Facts] In 1938 petitioner Felix F. Tranchina, the husband, hereinafter called petitioner, bought with $1,000 of community funds 10 shares of stock in Texas Marine Supply Co., Ltd., of Houston. The stock was taken in the name of petitioner's brother-in-law, Samuel J. Tennant, Jr., but petitioner was at all times its true owner. Texas Marine Supply Co. was liquidated and its assets distributed to a Texas limited *118 partnership on November 30, 1942. Tennant continued to be carried on the partnership records as special partner but petitioner "was the actual special partner and liable as such." Petitioners have three children, all of whom were minors in 1944. On December 31, 1943, at petitioner's discretion, Tennant executed a document purporting to place the partnership interest in trust for the children, with a one-third share to each, and authorizing the trustee, petitioner, to "use any dividends * * * for the benefit of the said minors in any method which he, in his discretion, may see fit." The interest of each child was to be distributed to him when he became twenty-six. The partnership made a cash distribution of $800 on July 24, 1944, which was placed in petitioner's personal bank account. Not until October 31, 1946, was a separate bank account opened in the name of "Samuel J. Tennant, Jr. Trust," at which time $800 together with other sums was placed in it by petitioner. Petitioner and his wife, who live in New Orleans, filed with the Collector of Internal Revenue their separate tax returns for 1944, each claiming exemptions based on the children as dependents having income of less *119 than $500 each, petitioner taking two exemptions and his wife taking one. A return filed for the trust listed the children's distributable shares in the income as $762.52 each and corresponding tax returns were filed for them for the same year. [Opinion] The correctness of respondent's determination that the trust income is taxable to petitioners is urged upon a number of grounds. The trust is said to be invalid, and the gifts to have been incomplete under Louisiana law; the assignment of the partnership income to have been ineffective for tax purposes without the consent of the other partners; and the reality of the children's interests to be questionable. Nothing has been placed before us to warrant disapproval of respondent's action on any one of these grounds. Petitioners' actions make it reasonably clear that the trust was no more than a piece of paper. If during the tax year it was seriously intended that the children were to receive anything, the conduct of the parties toward both the children and the tax collector fails to bear it out. Without relying on the doctrine of Helvering v. Clifford, 309 U.S. 331, it suffices to conclude that the trust itself *120 lacked substance. William C. Rands, 34 B.T.A. 1107, 1115. Any contention that the children had rights which a court of equity would nevertheless enforce, see Carrier v. Carrier, 226 N.Y. 114, 123 N.E. 135, would seem to be precluded by the invalidity of the whole transaction under local law. Cf. Blair v. Commissioner, 300 U.S. 5. The trust was not executed with the notarial ceremony required under such circumstances, Act No. 81, 1938 Acts, Louisiana, Title 1, section 8; see Northcott v. Livingood, 10 So. (2d) 401. And the subject matter of the transaction being incapable of manual delivery, the gift lacked effectiveness without other essential formalities. Louisiana Civil Code, article 1536; Succession of Spann, 169 La. 412, 125 So. 289. It seems impossible under the circumstances to endow the so-called trust with any substance upon which the realities of tax liability can be supported. There remains finally the obstinate fact that if the trust itself were valid for purposes of taxation, as well as of local law, the assignment to it of petitioners' partnership income could have accomplished no more than the transfer *121 of a derivative right which leaves the tax on those who continue to be the true owners of the partnership interest. Burnet v. Leininger, 285 U.S. 136. For all these reasons, Decisions will be entered for the respondent.