*Decision will be entered under Rule 50.*

ESTATE OF ARCHIE L. BLADES, DECEASED, INEZ H. BLADES, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24066, 24067. Promulgated August 30, 1950.

*C. Everett Shults, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

**194**

MURDOCK, *Judge:* The Commissioner takes the view that the aecedent was a partner in Blades Construction Co., the new partnership, his distributive share of the net income of that partnership was 58 per cent, plus whatever salary he drew, and section 182 requires that his net income shall include that share. The Commissioner fully recognizes the old partnership and does not deny that an understanding existed under which the 58 per cent share of the income of the new partnership was to be turned over to the old partnership. He relies upon cases holding that the one who earns income can not escape tax on it by assigning it to another, *Burnet.* v. *Leininger,* 285 U. S. 136, *Lucas* v. *Earl,* 281 U. S. 111, *Helvering* v. *Horst,* 311 U. S. 112, and *Helvering* v. *Eubank,* 311 U. S. 122, and argues that this income is all taxable to the decedent and can not be regarded as income of the old partnership. The petitioner, on the other hand, goes into partnership law in an effort to show that the decedent was in a fiduciary relationship in regard to the business of the old partnership while his sons were away at war and could not have taken the income in question for his own had he so desired.

The decedent never tried to take the income as his own but had an understanding, both with his sons, his old partners, and with his new partners, that his share of the earnings of the new partnership would go to the old partnership rather than to him personally. The old partnership was recognized throughout the new partnership agreement. The new partnership was to take over all of the war work. That included contracts already entered into by the old partnership and perhaps a few under which the old partnership had performed some work. The partners in the new partnership were to work for it only in so far as their duties with the old partnership would permit. The new partnership was to use equipment of the old partnership, and the credit of the old partnership was to be available. Also some personnel of the old partnership was used and the new used the office of the old. In other words, the operations of the two partnerships were closely related. It would be unreal to tax 58 per cent of the income of the new partnership to the decedent under such circumstances. The cases relied upon by the Commissioner are not in point because the decedent did not earn all of the income in question or assign his earnings. He made an arrangement for the duration of the war under which the old partnership surrendered some of its rights and gave assistance to the new partnership with the understanding that a portion of the profits of the new partnership should belong, as earned, to the old partnership and that the decedent, for purposes of convenience only, should appear as the person to whom that share was distributable. The decedent reported his income for 1942 and his estate reported it

for 1943 in accordance with the agreements and understandings among the partners of the two partnerships, and the Commissioner erred in taxing that income as if it all belonged to the decedent.

Two issues were raised at Docket No. 24067, which relates entirely to the year 1944, but no evidence was introduced to support the contention of the petitioner on those issues. The petitioner claims that the Commissioner erred in taxing $6,000 to the estate of the decedent. Apparently, the money was paid in accordance with paragraph 23 of the partnership agreement of December 30, 1936. That agreement provided that the death of one of the partners would not affect the dissolution of the partnership until the end of the calendar year in which the death occurred, and during that calendar year the drawing account provided for that partner was to be paid to the estate of the deceased partner until the end of the calendar year. The drawings were distributable income, despite the statement in the agreement that they were to be deducted as an expense. The drawing account was one of the means used by the partners for measuring the income to be paid to each partner during each year. The continuance of that drawing account was not a capital payment representing a part of the purchase price of the interest of the deceased partner. A purchase price for his interest was fixed by other provisions of the contract. Paragraph 23, when read in connection with the rest of the agreement, shows clearly that the $6,000 was income to the estate. The other error alleged is the action of the Commissioner in failing to allow a deduction of the cost of some cattle. The cost of cattle would be a capital item rather than a deduction from income. Certainly the evidence in this case does not show that the Commissioner erred in his treatment of either of these items.

*Decision will be entered under Rule 50 at Docket No. 24066.*

*Decision will be entered for the respondent at Docket No. 24067.*