Albert Dick Gugenheim v. Commissioner. Esther Gladys Gugenheim v. Commissioner.
Gugenheim v. Commissioner
Docket Nos. 45684, 45685.
United States Tax Court
T.C. Memo 1954-183; 1954 Tax Ct. Memo LEXIS 64; 13 T.C.M. (CCH) 1000; T.C.M. (RIA) 54289; October 22, 1954, Filed *64 1. In an earlier proceeding between the same parties involving the same partnership arrangement for the year 1946 this Court held in a Memorandum Opinion, Docket Nos. 20569 and 20570, that petitioner rather than his daughter was taxable on partnership income. No change in material facts took place in 1947. Held, the decision in the previous case operates as a collateral estoppel here. 2. Held, petitioners failed to sustain their burden of showing the incorrectness of respondent's determination that they realized a taxable gain on the exchange of their interest in the assets of a partnership for stock in a successor corporation. Wentworth T. Durant, Esq., for the petitioners. Frank C. Allen, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in income tax for 1947 in the amount of $3,721.41 against each of the petitioners. The whole amount of the deficiencies is not in controversy since the petitioners have agreed to assessment of a part thereof. Two issues are presented: (1) Whether a portion of the income of a partnership, A. D. Gugenheim Company, during its fiscal year ended *65 June 30, 1947, is taxable to A. D. Gugenheim or to his daughter Bette Gugenheim Manhein, (sometimes spelled Manheim in the record), depending on whether or not Bette was a member of the partnership; and (2) Whether the exchange of petitioner's interest in the partnership for stock in the successor corporation was a nontaxable exchange under section 112(b)(5) of the Internal Revenue Code of 1939. The petitioners, husband and wife, filed separate income tax returns for the year ended December 31, 1947, with the collector of internal revenue for the second collection district of Texas at Dallas, Texas, each reporting half the income of the marital community. For convenience, Albert Dick Gugenheim is referred to as petitioner. Issue No. 1 Findings of Fact The same partnership question involving the fiscal year 1946 was before this Court in Esther Gladys Gugenheim, Docket No. 20569, and Albert Dick Gugenheim, Docket No. 20570, and was decided on its merits adversely to the petitioners (Memorandum Opinion of July 26, 1950) [9 TCM 638,]. The Court held that Bette was not a member of the partnership during its fiscal year 1946. Appeal from the Court's decision was not *66 perfected and the decision became final. The same parties are the petitioners here. Opinion The petitioner argues that this Court's earlier decision with respect to the taxability of partnership income in the fiscal year 1946 is not determinative of the partnership issue here, since (a) the additional testimony offered in the hearing of this case indicates the parties' intention to include Bette as a partner, and (b) the Court's conclusion in the earlier case was erroneous. We disagree. In the trial of this case the petitioner had more witnesses testify on his behalf, but their testimony related to events leading up to the formation of the partnership in July 1945, and was mainly repetitious of that given in the first case. His purpose in presenting more witnesses was to add credence to his presentation, since in the first case the Court felt that the petitioner himself was not a convincing witness, and presumably to show additional circumstances that would indicate the parties' intention to include Bette as a partner when the partnership was formed. The petitioner does not contend that the circumstances of the business arrangement were different in the fiscal year 1947, or that *67 events took place in the latter year that should change the result of the earlier case. In fact no evidence of events in the taxable year was offered. In our opinion this is an appropriate case for the application of the doctrine of collateral estoppel to bar a second examination into the very questions decided in the earlier suit. Cf. Commissioner v. Sunnen, 333 U.S. 591 (1948); Tait v. Western Maryland Co., 289 U.S. 620 (1933); Leininger v. Commissioner, ( 1936) 86 Fed. (2d) 791; Harley Alexander, 22 T.C. 318 (1954), on appeal (C.A. 5); Fairmont Aluminum Company, 22 T.C. - (September 30, 1954). In the earlier case the petitioner relied on events leading up to the formation of the partnership to show that Bette was a partner during the fiscal year 1946 and we held adversely to him, finding that her inclusion in the partnership upon its formation was not really intended by the parties. Here again the petitioner claims that the parties intended Bette as a partner when the partnership was formed. Since this was the very question put in issue by the petitioner in the earlier suit and was the basis for the Court's determination, he *68 is precluded from having this question relitigated. Commissioner v. Sunnen, supra.Of course if the petitioner relied on events that took place in the taxable year in question here to show a change in the business relationship of the parties, we would consider this evidence in order to determine whether it indicates a change in the intention of the parties. In that case the facts relied on by the petitioner would be separable from those in the earlier case. Cf. Commissioner v. Sunnen, supra.
The petitioner also argues that the Court in the earlier case wrongly applied the law by unduly emphasizing certain factors in reaching its conclusion, such as whether Bette participated in the business and whether she made a real contribution of capital. The doctrine of collateral estoppel binds the petitioner here not only to the facts found by the Court in the earlier case but also to the conclusion drawn from those facts by the Court. Cf. Commissioner v. Sunnen, supra.The petitioner cannot avoid the effect of collateral estoppel by confining his objection to the conclusion drawn by the Court in the earlier case based on its understanding of the *69 law. He has chosen to put in issue the same question in both suits, but he is entitled to have this question litigated and determined only once. Cf. Cromwell v. County of Sac, 94 U.S. 351 (1876). On the first issue the petitioner makes an alternative argument that recognition of the partnership is immaterial, and since Bette owned 20 percent of the assets of the company, the income properly attributable to her share of the company's assets should be taxed to her. Again we disagree. Even if we were to assume that Bette owned a 20 percent interest in the business as recited in the partnership agreement, it would not necessarily follow from this that any of the income of the business is taxable to her. The tax is laid upon one who earns income or who otherwise creates the right to receive and enjoy it when paid. Cf. Lucas v. Earl, 281 U.S. 111 (1930); Burnet v. Leininger, 285 U.S. 136 (1932); Burnet v. Wells, 289 U.S. 670 (1933). In this case whether Bette earned a part of the income of the business depends on whether she was a partner during the year in question. Her ownership of certain assets of the business may ordinarily be *70 a consideration in attempting to ascertain the true intention of the parties to the partnership agreement, but here the petitioner is bound by our earlier determination of the partnership question. Cf. Commissioner v. Tower, 327 U.S. 280, 289 (1946). It follows from this determination that none of the income of the business attributed to Bette was earned by her. Further, we consider this alternative argument to be nothing more than an alternative theory of the case. It could, and probably should, have been made in the earlier proceeding. Not having been made there we do not think it can now be made here. Litigation should somewhere have repose. No facts have been presented here to support the new theory which could not have been presented before. The decision of the Court of Appeals for the Tenth Circuit in Jones v. Trapp, 186 Fed. (2d) 951 is apropos. That case involved the proper incidence of taxes on income from a partnership in 1941. The same question had been decided adversely to the taxpayer in Trapp v. United States, 177 Fed. (2d) 1 for the year 1940. In holding that the former judgment created a situation for the application of collateral *71 estoppel, the Court said of additional evidence presented in the proceeding for 1941: "But these facts are historical and were available in the former trial. 'No new facts were tendered in this case which did not exist and were not available for production in the former case. The applicable and controlling facts remain the same - they are static, immutable, and therefore precisely identical for the purposes of estoppel.' Gillespie v. Commissioner, supra, 151 Fed. (2d) at page 907. Cf. Tait v. Western Md. Ry. Co., 289 U.S. 620, 53 S. Ct. 706, 77 L. Ed. 1405." Neither do we think the decision of this Court in Joe Lynch, 20 T.C. 1052, where we reexamined a partnership question which had been decided for prior years in a previous proceeding, is applicable. Here, as was not the case in Joe Lynch, the previous decision came down after the cases of Commissioner v. Tower, 327 U.S. 280; Lusthaus v. Commissioner, 327 U.S. 293; and Commissioner v. Culbertson, 337 U.S. 733, had been decided. This Court in its previous decision on the partnership here involved gave consideration to those cases and no change in "legal *72 climate" is involved. Issue No. 2 Findings of Fact In August 1947 a Texas corporation, A. D. Gugenheim, Inc., was formed to succeed the partnership A. D. Gugenheim Company. At this time the assets, liabilities and net worth of the company were as follows: ASSETS
CURRENT ASSETS
Cash - On Hand
$ 3,705.06
Cash - In Bank, First National Bank, Hereford
392.02
$ 4,097.08
Receivables - Customers
34,416.49
Receivables - Others
32.00
34,448.49
Merchandise Inventory
176,895.20
Total Current Assets
215,440.77
Reserve for
Net
FIXED ASSETS
Cost
Depreciation
Value
Autos and Trucks
$ 7,987.14
$2,074.77
$ 5,912.37
Furn. and Fixtures
5,632.97
1,738.21
3,894.76
Totals
$13,620.11
$3,812.98
9,807.13
Real Estate
5,500.00
Total Fixed Assets
15,307.13
OTHER ASSETS
Utility Deposits
38.00
Patterns
208.00
Deposit Browning Mfg. Co.
1,543.15
Prepaid Insurance
1,619.79
Total Other Assets
3,408.94
TOTAL ASSETS
$234,156.84
LIABILITIES
CURRENT LIABILITIES
Overdraft, First National Bank
$ 550.74
Accounts Payable - Merchandise
11,468.05
Accounts Payable - Others
1,739.52
Accrued Interest
90.53
Accrued Taxes
225.00
$ 14,073.84
Notes Payable - First National Bank, Amarillo
73,183.00
Notes Payable - First National Bank, Hereford
13,000.00
86,183.00
Total Current Liabilities
100,256.84
NET WORTH FOR WHICH CAPITAL STOCK IS TO BE ISSUED
133,900.00
TOTAL LIABILITIES AND INVESTMENt
$234,156.84
*73 A certified public accountant's certificate of August 12, 1947, accompanying the corporate charter contains the following statement regarding the interests of the parties in the business: "Included in the Net Worth of $133,900.00 is a loan to the partnership of $20,000.00 from A. P. Hancock for which he is to be issued $20,000.00 worth of stock the balance of the stock amounting to $113,900.00 is to be issued to the partners as follows: "A. D. Gugenheim, Sr.
$69,800.00
A. D. Gugenheim, Jr.
22,000.00
Mrs. J. M. Manhein
22,100.00
Total
$113,900.00"
The corporate charter dated August 31, 1947, stated that the authorized capital stock of the corporation was $150,000, divided into 1,500 shares, each of a par value of $100. The incorporators' subscription agreement of the same date related that $133,900 of the corporation's capital stock had been paid for by transferring to the corporation $129,802.92 in property of the partnership and $4,097.08 in cash. The rest of the capital stock was paid for by the petitioner's promissory note to the corporation for $16,100. The subscription agreement listed the following persons as subscribers of the capital stock and the *74 amounts of their subscriptions: Amount
Amount
Name
Subscribed
Paid In
A. D. Gugenheim, Jr.
$10,000
$10,000
Bette Manhein
10,000
10,000
A. P. Hancock
45,000
45,000
A. D. Gugenheim
85,000
68,900
The respondent's notice of deficiency determined that the petitioner had realized a taxable gain of $1,277.50 in the exchange of partnership property for stock in the successor corporation as follows: Value of stock received from A. D. Gugenheim Company, Inc.
$120,000.00
Cost or other basis: Value of interest in net assets of partnership, A. D.
Gugenheim Co.
$ 91,900.00
Note payable to A. D. Gugenheim Company, Inc.
16,100.00
Cancellation of note receivable from A. D. Gugen-
heim, Jr.
10,000.00
Total
$118,000.00
Less: Cancellation of note payable to A. D. Gugen-
heim, Jr.
555.00
117,445.00
Long-term capital gain
$ 2,555.00
50% taxable
$ 1,277.50
Taxable capital gain reported in respect of transfer of properties
None
Adjustment, increase income
$ 1,277.50
Opinion The difference in the value of the interests of the petitioner's children, A. D. Gugenheim, Jr., and Bette Gugenheim Manhein, in the assets *75 of the partnership and the value of the stock in the successor corporation received by them is accounted for, according to the petitioner's testimony, by the petitioner's purchase of a part of their interests prior to incorporation. Pursuant to his contention that Bette was not a partner and owned no interest in the assets of the business, the respondent in the notice of deficiency computed the petitioner's basis for the stock he received by adding to his interest the value of Bette's share of the partnership assets and, correspondingly, crediting him with the receipt of a like amount of stock in the corporation. At the time of incorporation A. D. Gugenheim, Jr.'s interest in the assets of the business was valued at $22,000. He received shares of stock in the corporation worth $10,000; the rest of his interest, worth $12,000, was purchased by the petitioner by cancelling his promissory note for $10,000 due to the petitioner. As a result of the transaction, according to the respondent's computation in the notice of deficiency, the interest in the corporation received by the petitioner was not substantially in proportion to his interest in the assets of the partnership prior to the exchange. *76 On this question the only evidence offered by the petitioner was his verification that he purchased a part of his son's interest in the business worth $12,000, by cancelling the son's promissory note in the amount of $10,000. The petitioner's accountant testified that in exchanging assets in the partnership for stock in the successor corporation a tax-free exchange within the meaning of section 112(b)(5) was intended. This evidence hardly meets the petitioner's burden of showing the incorrectness of the respondent's determination. Rule 32, Tax Court Rules of Practice. On this issue, therefore, we find for the respondent. Decisions will be entered under Rule 50.